IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

D.L., a minor, by and through his
next-of-friends, S.L. and R. L.,
mother and father of the minor,

      Plaintiffs,

v.                      Case No.:

HERNANDO COUNTY SHERIFF'S
OFFICE, a public entity,
18900 Cortez Boulevard
Brooksville, Florida 34601

AL NIENHUIS, in his official capacity
as Sheriff of Hernando County,
Florida;

DEPUTY PAUL SMITH, School
Resource Officer, in his individual
and official capacities,

and

HERNANDO COUNTY SCHOOL
BOARD, a public entity,

      Defendants.

_____

## COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF AND JURY DEMAND

COMES NOW the Plaintiff by and through his undersigned attorney and sue

the Defendants and say:

### INTRODUCTION

1

1.  This is an action for damages and for declaratory and injunctive relief to remedy Defendant's violations of Plaintiff's rights under the U.S. Constitution and the Americans with Disabilities Act.                    .

2.  Plaintiff, D. L., is a minor child who was a school child with disabilities in the fifth grade at Winding Waters, a public school for grades K-8, located in Hernando County, Florida.

3.  In 2018, Plaintiff was a ten-year old boy who was unlawfully restrained and handcuffed at school with excessive force and without necessity by Defendants, acting by and through their public employees and agents assigned to Plaintiff's school.  On or about January 10, 2018, Plaintiff was forcibly restrained, forcibly handcuffed and forcibly removed from the school by school personnel and by law enforcement officers of the Sheriff's Office.

4.  Because of the child's small size and physical frailties, the handcuffs were not designed for a child resulting in the school personnel and law enforcement officers handcuffing the child in such a fashion as to be contrary to guidance on the safe use of handcuffs.

5.  On no occasion was there an imminent danger of physical harm to the child or to anyone else that required the child to be restrained and handcuffed in a fashion that would result in the child suffering injuries from the restraints and handcuffs.

6. As a result of being subjected to unnecessary and excessive handcuffing and as a result of the Plaintiff being forcibly carried out of the school by multiple deputies and as a result of the Plaintiff being forcibly removed from the school while handcuffed, Plaintiff experience pain, fear, and emotional trauma, and an exacerbation of his disabilities.

7. Defendants, Hernando County Sheriff's Office (hereinafter HCSO) and Sheriff Al Nienhuis, (Sheriff) are charged with the responsibility of establishing policies, practices, and training for School Resource Officers and law enforcement officers assigned to a public school. Despite the provisions of federal and state law, Defendants HCSO and Sheriff are aware that mechanical restraints have been used against elementary aged school children, including school children with disabilities, by School Resource Officers and law enforcement personnel under their supervision. Defendants HCSO and Sheriff have permitted and, upon information and belief authorized, School Resource Officers and law enforcement officers to use mechanical restraints in such a way as to constitute excessive force in restraining elementary school children with disabilities, including the unlawful use of handcuffs with excessive force and without necessity.

8. Defendant, Hernando County School Board (HCSB) is charged with the responsibility of establishing policies, practices, and training for School Board Personnel. Despite the provisions of federal and state

law, Defendant HCSB is aware that the seclusion of children with disabilities and the excessive restraint, including mechanical restraints, have been used against elementary-aged schoolchildren, including schoolchildren with disabilities, by School Personnel. Defendant HCSB has permitted and, upon information and belief authorized, School Personnel to improperly place children with disabilities into seclusion, to use physical restraints and mechanical restraints in such a way as to constitute excessive force in restraining elementary schoolchildren with disabilities, including the unlawful use of excessive force and without necessity.

9.   In 2009, the U.S. Government Accountability Office (GAO) published a nationwide study documenting hundreds of alleged incidents of restraint and seclusion in schools from 1990 to 2009, including 20 incidents causing death. Virtually all of the incidents identified by the GAO involved children with disabilities. The same year, in testimony before the House Education and Labor Committee, the GAO presented its study and reported on the risks of injury and death related to the use of restraint and seclusion on children. The GAO explained that even if no physical injury is sustained, individuals can be severely traumatized during restraint.

10.   Following the GAO report and testimony, U.S. Secretary of Education, Arne Duncan, wrote a letter to all states requesting that they review and revise their policies regarding restraint and seclusion.

11.   In 2010, the Florida Legislature enacted Section 1003.573, Fla. Stat., which was designed to limit the use at school of physical restraint and seclusion of children with disabilities.

12.   Plaintiff seeks permanent injunctive relief to prohibit Defendants from authorizing or employing the unnecessary and excessive use of physical restraint and handcuffing on schoolchildren, and the unnecessary seclusion of children, including those with disabilities, and to compel Defendants to revise their policies, practices, and trainings accordingly. Plaintiff further seeks an order declaring Defendants' conduct to be unconstitutional and to be in violation of the Americans with Disabilities Act. Plaintiff also seeks compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1334(3), (4), to hear Plaintiff's constitutional claims brought under 42 U.S.C. § 1983 and Plaintiff's disability discrimination claims brought under Title TT of the ADA, 42 U.S.C. §

12132 *et seq.*

14. Pursuant to 28 U.S.C. § 139l(b), and the Local Rules of the Middle District of Florida, venue is proper in this judicial district because the events giving rise to this action occurred in Hernando County, Florida.

## PARTIES- PLAINTIFFS

15.  Plaintiff was ten years old and weighed approximately ninety pounds when he was physically restrained, handcuffed, and forcibly  in the January of 2018. At all relevant times, Plaintiff S.R. was enrolled in an elementary school within the Hernando County School District. Plaintiff has disabilities including autism. He is a person with a disability protected by the Americans with Disabilities Act. As a minor child, Plaintiff brings this action through his mother and father and next of friend, R. L. and S. L. and Plaintiff resides with his mother and father in Hernando County, Florida.

## PARTIES - DEFENDANTS

16.  Defendant Hernando County Sheriff's Office (HCSO) is the law enforcement agency for Hernando County, and a public entity for purposes of Title II of the ADA.

17.  Defendant, Al Nienhuis (Sheriff) is the Sheriff for Hernando County, and a "person" for purposes of 42 U.S.C. § 1983. At all times relevant to this complaint, Defendant Sheriff was acting under color of

state law. Defendant Sheriff is sued in his official capacity.

18.   Defendant Paul Smith (Smith) at all time relevant hereto was employed by the Hernando County Sheriff's Office as a School Resource Officer assigned to elementary schools with the Hernando County School District.   Defendant Smith is a "person" for purposes of 42 U.S.C. §1983, and an agent of Defendant HCSO for purposes of the ADA.   At all time relevant to this complaint, Defendant Smith was acting under color of state law.   Defendant Smith is sued in his individual and official capacities.

19.   Defendant Hernando County School District (HCSD) is a public agency for the State of Florida, and a public entity for purposes of Title II of the ADA.

## STATEMENT OF FACTS

20.   According to the U.S. Department of Education's Civil Rights Data Collection (CRDC), the Hernando County School District has a large number of students with disabilities under the Individuals with Disabilities Education Act (IDEA). Nationwide, the CRDC describes the IDEA population as 12 percent of the student population.

21.   As Sheriff for Hernando County, Defendant Sheriff entered into an agreement with the Hernando County School District to provide deputy sheriffs to serve as School Resource Officers during the 2017-2018 school year.

The School Resource Officers (SROs) are law enforcement officers employed by Defendant HCSO who are based in the schools. Defendant Sheriff has the authority to hire, dismiss, assign, or reassign the SROs.

22.  Defendants HCSO, Sheriff and HCSD failed to create and maintain proper and adequate policies, practices, procedures, or trainings regarding the use of physical force and physical restraints, handcuffs, and other types of physical force on elementary schoolchildren, including students with disabilities such as Plaintiff.

23.  Defendants HCSO, Sheriff and HCSD failed to take reasonable steps to ensure compliance with the provisions of Section 1003.573, Florida Statutes and other applicable provisions of law.

24.  Defendants HCSO, Sheriff, and HCSD failed create and maintain policies, practices, procedures, or trainings regarding the improper commitment and seclusion of minor children with disabilities from being subjected to being involuntarily committed under the Florida Baker Act, Chapter 394, Florida Statutes.

25.  Defendants HCSO, Sheriff, and HCSD failed to avail the Plaintiff of his rights as a minor under the Florida Baker Act, including the right to be free from the use of excess force pursuant to Section 394.9223 of the Baker Act and the right to outpatient services and treatment in lieu of

involuntary commitment pursuant to Section 394.4784 of the Baker Act.

26.  HCSD failed to create and maintain adequate and proper policies, practices, procedures, or trainings regarding the seclusion of elementary school children and the use of physical force and restraints, handcuffs and other types of force on elementary schoolchildren, including students with disabilities such as Plaintiff's.

### *Facts Regarding Plaintiff*

27.  During the 2017-18 school year, Plaintiff was ten years old and enrolled in the fifth grade at the Winding Waters Elementary School in the Hernando County School District. He stood about 4'10" tall and weighed about ninety pounds.

28.  In 2009, Plaintiff was diagnosed with non-communitive autism, a mental disorder.  Because of his non-communitive autism, Plaintiff experiences difficulty staying focused, paying attention, controlling behavior, complying with directives, and remaining seated, and is substantially limited in one or more major life activities, including learning and neurological/brain functions.

29.  During the 2017-2018 school year, personnel with Winding Waters Elementary School were aware that Plaintiff had been diagnosed

with non-communitive autism and that he needed a behavior intervention plan to help him manage his disability-related behaviors.

30.   On January 10, 2018, while in a classroom and while at school, Plaintiff experienced disability-related difficulties including complying with directives from teachers and administrators; controlling his emotions; and, controlling his physical conduct.  He was removed from his classroom, taken to the school office, and isolated by being placed in seclusion.

31.   After a period of time in seclusion, the school resource officer and school personnel in conjunction with each other, placed handcuffs on the Plaintiff in such a fashion to cause physical injuries to the Plaintiff.

32.   After placing the Plaintiff in handcuffs, the Plaintiff was physically removed from the school while being handcuffed and was physically man-handled when being removed from the school (carried out of the school by multiple deputies while the Plaintiff was in handcuffs and unable to walk) and was transported while handcuffed in such a fashion as to cause additional physical injuries to the Plaintiff.

33.   The Plaintiff was transported by the HCSO to  Spring Brook (a mental health facility located in Hernando County) wherein the HCSO had the Plaintiff involuntarily committed under the Baker Act.

34.   While handcuffed, Plaintiff manifested and expressed pain and his emotional distress and psychological stress became exacerbated.

35.   The use of excessive physical restraint and mechanical restraints and handcuffs by the School Resource Officer and other agents of the HCSO were contrary to the requirements of law. Further, at  no point during the interaction between Plaintiff and the School Resource Officer was there an imminent danger of physical harm or "direct threat" to D.L. or to anyone else that required the School Resource Officer to use handcuffs. Nor was there a "direct threat" justification for the placement of the handcuffs, or for the prolonged period of time that the handcuffs were imposed. The only basis for the handcuffing was the School Resource Officer's actions to obtain by force and restraint compliance as to the School Resource Officer's directives.

36.   Plaintiff experienced physical pain, physical injury and significant emotional distress during the January 10, 2018 handcuffing of the Plaintiff. Thereafter, as a result of the excessive force, handcuffing, and man-handling of the Plaintiff, he suffered and continues to suffer emotional distress.

## CAUSES OF ACTION

**Count I:  Unreasonable Seizure and Excessive Force in Violation of the U. S. Constitution, Fourth and Fourteenth Amendments 42 U.S.C. §1983**

> Against Defendant Sheriff, in his Official
> Capacity, Defendant School Resource
> Officer (Paul Smith), in his Official and
> Individual Capacities, and Defendant
> Hernando County Sheriff's Office

37.  Plaintiff D. L. incorporates by reference the above paragraphs as though fully set forth herein.

38.  The U.S. Constitution protects Plaintiff. against unreasonable seizures and excessive force. "[T]he reasonableness of a particular seizure depends not only on *when* it is made, but also on *how* it is carried out." *Graham v. Connor,* 490 U. S. 386,395). Whether a seizure is unreasonable and unconstitutional depends upon the totality of the circumstances.

39.  The seizures of Plaintiff were unreasonable in light of the totality of the circumstances, including but not limited to:

a.  The age, size, and disabilities of the child, including his limited ability to impose physical harms on others and his limited ability to form criminal intent;

b.  That the child was experiencing behavior problems associated with his disabilities while at elementary school;

c.  That the School Resource Officer and school personnel physically restrained Plaintiff and placed handcuffs on the Plaintiff in

such a fashion as to cause physical injury to the minor.

    d.  That the excessive physical force in restraining the Plaintiff and the handcuffing of the Plaintiff violated Florida Statutes and regulations of the Hernando County School Board and the State of Florida Board of Education.

    e.  The length of time of the excessive physical restraints and handcuffing; and

    f.  The traumas imposed by the excessive physical restrains and handcuffing.

40.  By engaging in the acts described herein, Defendant School Resource Officer, acting under color of law and with deliberate indifference, violated the Plaintiffs' rights under the U.S. Constitution to be free from unreasonable seizures and excessive force.

41.  The rights of D. L. to be free from unreasonable seizures and excessive force as described herein was clearly established in law at the time of the incidents alleged.

42.  Defendant School Resource Officer acted maliciously, intentionally, and in reckless disregard to the rights of the Plaintiff.

43. Further, Plaintiff is informed and believes, and thereupon alleges, that Defendant Sheriff has failed and continues to fail to train and supervise School Resource Officers, including the Defendant Resource Officer regarding the restrictions under law on the use of physical restraints, including handcuffs, on elementary schoolchildren such as Plaintiff, and that Defendant Sheriff has failed and continues to fail to implement policies, practices, and procedures to prevent such unlawful physical restraints.

44. Further, Plaintiff is informed and believes, and thereupon alleges, that Defendant Hernando County Sheriff's Office has maintained and continues to maintain, with deliberate indifference, an unlawful policy or custom of imposing unreasonable seizures and excessive force on schoolchildren, including the seizures and excessive force as described herein. Plaintiff is further informed and believes that Defendant HCSO has failed to implement training, supervision, policies, practices, and procedures to prevent such unlawful physical restraints.

45. As a proximate result of the actions and inactions of Defendants, Plaintiff suffered and continues to suffer physical pain, emotional pain, psychological injury, trauma, and suffering. Plaintiff continues to experience

14

fear, distrust, and anxiety regarding law enforcement officers (such as School Resource Officers), deputy sheriffs, and school personnel.

46.    Plaintiff is entitled to injunctive relief, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### Count II: Disability-Based Discrimination In Violation of Title II of the Americans with Disabilities Act 42 U.S.C. § 12132, 28 C.F.R. § 35.130(b)(3), (8) Against Defendant Hernando County Sheriff's Office

47.    Plaintiff. incorporates by reference the above paragraphs as thoughfully set forth herein.

48.   The regulations implementing Title II of the ADA require that public entities avoid unnecessary policies, practices, criteria or methods of administration that have the effect or tendency of excluding or discriminating against persons with disabilities. 28 C.F.R. $\S$ 35.130(b)(3), (8).

49.   Students with disabilities, and particularly students with disabilities involving behavior challenges, including Plaintiff are particularly susceptible to being injured by the unnecessary use of physical restraints, including handcuffs, on the basis of disability. The effects on these students with disabilities include substantial and disproportionate physical and emotional injuries, and disruptive exclusions from the school community.

50.   Instead of the unnecessary use of excessive physical force and

physical restraints, including handcuffs, students with disabilities require reasonable modifications such as crisis intervention, de-escalation, patience, and waiting.

51. Through its policy and practice of imposing unnecessary and excessive physical force and physical restraints including handcuffs, on schoolchildren with disabilities, including Plaintiff, Defendant HCSO bas violated and continues to violate the ADA.

52. Through its failure to adopt a policy and practice of providing reasonable modifications to schoolchildren with disabilities, including Plaintiff, such as crisis intervention, de-escalation, patience, and waiting, Defendant HCSO has violated and continues to violate the ADA.

53. Plaintiff is entitled to compensatory damages, injunctive relief, declaratory relief, and attorneys' fees and costs.

54. Under these provisions, law enforcement officers, including School Resource Officers like Defendant Resource Officer, may not discriminate on the basis of disability, and must provide reasonable modifications as needed during their interactions with individuals with disabilities.

A. Based on all of the circumstances stated herein, Defendant Resource Officer knew or should have known that Plaintiff is a person with disabilities who requires reasonable modifications under the

ADA due to his disability-related difficulties.

B.     Instead of providing reasonable modifications such as crisis intervention, de-escalation, patience, and waiting, Defendant Resource Officer escalated his encounters with Plaintiff and subjected him to unnecessary physical restraint including handcuffing. In so doing, Defendant Resource Officer acted with deliberate indifference.

C.  Further, and with deliberate indifference, Defendant HCSO failed to implement the nondiscrimination and reasonable modification requirements of the ADA through its policies, practices, procedures, and trainings, and instead authorized its School Resource Officers such as Defendant Resource Officer to engage in disability discrimination against Plaintiff.

D.  As a proximate result of the actions and inactions of Defendant HCSO and its agents, Plaintiff suffered and continues to suffer physical pain, emotional pain, psychological injury, trauma, and suffering. Plaintiff continues to experience fear, distrust, and anxiety regarding law enforcement officers such as School Resource Officers.

F.     Plaintiff is entitled to injunctive relief, declaratory relief, compensatory damages, and reasonable attorneys' fees and costs.

**Count 1V: Disability-Based Discrimination In Violation
of Title** II **of the Americans with Disabilities Act 42
U.S.C. § 12132, 28 C.F.R. § 35.130(b)(3), (8) Against
Defendant Hernando County School Board Office**

55. Plaintiff. incorporates by reference the above paragraphs as though fully set forth herein.

56. The regulations implementing Title II of the ADA require that public entities avoid unnecessary policies, practices, criteria or methods of administration that have the effect or tendency of excluding or discriminating against persons with disabilities. 28 C.F.R. § 35.130(b)(3), (8).

57. Students with disabilities, and particularly students with disabilities involving behavior challenges, including Plaintiff are particularly susceptible to and injured by the unnecessary use of physical restraints, including handcuffs, on the basis of disability. The effects on these students with disabilities include substantial and disproportionate physical and emotional injuries, and disruptive exclusions from the school community.

58. Instead of the unnecessary use of improper and unnecessary seclusion, excessive physical force and physical restraints, including handcuffs, students with disabilities require reasonable modifications such as crisis intervention, de-escalation, patience, and waiting.

59. Through its policy and practice of imposing unnecessary and

excessive physical force and physical restraints including handcuffs, on schoolchildren with disabilities, including Plaintiff, Defendant HCSB has violated and continues to violate the ADA.

60.    Through its failure to adopt a policy and practice of providing reasonable modifications to schoolchildren with disabilities, including Plaintiff, such as crisis intervention, de-escalation, patience, and waiting, Defendant HCSB has violated and continues to violate the ADA.

61.    Plaintiff is entitled to compensatory damages, injunctive relief, declaratory relief, punitive damages, and attorneys' fees and costs.

**Count V: Disability-Based Discrimination and Failure to Accommodate In Violation of Title II of the Americans with Disabilities Act 42 U.S.C. § 12132, 28 C.F.R. § 35.130(b)(7)**
**Against Defendant Hernando County School Board**

62.    Plaintiff incorporates by reference the above paragraphs as though fully set forth herein.

63.    Title II of the ADA requires that public entities do not subject individuals with disabilities to discrimination, and that such public entities provide reasonable modifications to    persons with disabilities. 42 U.S.C. § 12132, 28 C.F.R. § 35.130(b)(7).

64.    Under these provisions, public schools, including school personnel

may not discriminate on the basis of disability, and must provide reasonable modifications as needed during their interactions with individuals with disabilities.

65.   Based on all of the circumstances stated herein, Defendant HCSB, including school personnel employed by the HCSB, knew or should have known that Plaintiff is a person with disabilities who requires reasonable modifications under the ADA due to his disability-related difficulties.

66.   Instead of providing reasonable modifications such as crisis intervention, de- escalation, patience, and waiting, Defendant HCSB, including school personnel, escalated encounters with Plaintiff and subjected him to unnecessary seclusion, excessive physical restraint including handcuffing. In so doing, Defendant HCSB acted with deliberate indifference.

67.  Further, and with deliberate indifference, Defendant HCSB failed to implement the nondiscrimination and reasonable modification requirements of the ADA through its policies, practices, procedures, and trainings, and instead authorized its school personnel to engage in disability discrimination against Plaintiff.

68. As a proximate result of the actions and inactions of Defendant HCSB and its agents, Plaintiff suffered and continues to suffer physical pain, emotional pain, psychological injury, trauma, and suffering. Plaintiff continues to experience fear, distrust, and anxiety regarding school personnel, including School Resource Officers.

69. Plaintiff is entitled to injunctive relief, declaratory relief, compensatory damages, and reasonable attorneys' fees and costs.

## *JURY DEMAND*

70. Plaintiff hereby demands a trial by jury of all issues triable by a jury.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff, a minor child, prays that this Court:

A. Declare that that the actions and inactions described herein violate the rights of Plaintiff under the U.S. Constitution and the Americans with Disabilities Act;

B. Issue an order enjoining the Defendants from engaging in the unlawful conduct complained of herein;

C.   Award Plaintiff compensatory damages;

D.   Award Plaintiff punitive damages;

E.   Award reasonable attorneys' fees and costs pursuant to 42 U.S.C.

§§1988 and §§12205; and

F.   Grant such other and further relief as the court deems just and proper.

Robert Bruce Snow, Esquire
ROBERT BRUCE SNOW, P.A.
Florida Bar No.:  134742
112 North Orange Avenue
Brooksville, FL  34601
Phone:  (352) 796-1441
law@rbsnowlaw.com