IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:22-CV-00035

D.L., a minor, by and through his
next-of-friends, S.L. and R.L.,
mother and father of the minor,

    Plaintiffs,

v.

HERNANDO COUNTY SHERIFF'S
OFFICE, a public entity,
18900 Cortez Blvd.
Brooksville, FL 34601

AL NIENHUIS, in his official capacity
As Sheriff of Hernando County,
Florida;

DEPUTY PAUL SMITH, School
Resource Officer, in his individual
and official capacities,

and

HERNANDO COUNTY SCHOOL BOARD,
a public entity,

    Defendants.
_____/

### DEFENDANT SCHOOL BOARD OF HERNANDO COUNTY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant School Board of Hernando County ("School Board"), through undersigned counsel and per Federal Rule of Civil Procedure 12(b)(6) and pursuant to

1

Local Rule 3.01 of the United States District Court for the Middle District of Florida, moves to dismiss Plaintiffs' Complaint with prejudice and states the following:

## BACKGROUND

1. Plaintiffs filed a four-count complaint against Defendants. (Doc. 1).

2. Count IV and Count V of Plaintiffs' Complaint allege that the School Board violated the American with Disabilities Act. (Doc. 1 at Count IV and Count V).

- Count IV: Disability-Based Discrimination In Violation of Title II of the Americans with Disabilities Act 42 U.S.C. § 12132, 28 C.F.R. § 35.130(b)(3), (8) Against Defendant Hernando County School Board Office

- Count V: Disability-Based Discrimination and Failure to Accommodate In Violation of Title II of the Americans with Disabilities Act 42 U.S.C. § 12132, 28 C.F.R. § 35.130(b)(7) Against Defendant Hernando County School Board

3. Plaintiffs allege that the Plaintiff himself experienced "difficulty staying focused, paying attention, controlling behavior, complying with directives, and remaining seated." (Doc. 1, ¶ 28) And, on the day in question, Plaintiff was experiencing "disability-related difficulties including complying with directives from teachers and administrators; controlling his emotions; and, controlling his physical conduct" which resulted in him being removed from the classroom. (Doc. 1, ¶ 30).

4. Plaintiffs' claims relate to his educational services, and thus would be claims under the IDEA, for which he must exhaust the administrative requirements prior to seeking this judicial review.

5. Further, Plaintiffs' claims fail to state a cause of action under the ADA as Plaintiffs have provided no evidence that Plaintiff was discriminated based solely on his disability.

6. Plaintiffs allege in the Statement of Facts that the School Board "failed to take reasonable steps to ensure compliance with the provisions of" Fla. Stat. § 1003.573 yet provides no facts or bases for this allegation against the School Board. (Doc. 1, ¶ 23). Regarding restraints, the Plaintiff refers only to the School Resource Officer (an agent of HCSO), not the School Board. (Doc. 1, ¶ 35). More importantly, even by the Statute's standard that Plaintiffs cites to on restraints, the statute describes "an imminent risk of serious injury," not "imminent danger of physical harm or direct threat" as Plaintiffs list. Fla. Stat. § 1003.573; (Doc. 1, ¶ 35).

7. Additionally, in Plaintiffs' Statement of Facts, Plaintiffs allege that the School Board "failed to avail the Plaintiff of his rights…. pursuant to Fla. Stat. § 394.9223." (Doc. 1, ¶ 25). However, this Statute is wholly inapplicable as it is in reference to "Use of Force" for "Involuntary Civil Commitment Of "Sexually Violent Predators." Fla. Stat. § 394.9223.

8. Further the other Florida Statute in Plaintiffs' Statement of Facts, Fla. Stat. § 394.4784, is equally as inapplicable here as this Statute references "any minor age 13 years or older." Fla. Stat. § 394.4784; (Doc. 1, ¶ 25).

9. The Plaintiffs' statements regarding the Florida Statutes referenced above in ¶¶ 6-8 are not discussed further below as the inapplicability of the Statutes and subjects of the Statutes speak for themselves.

10. Plaintiffs also seeks "permanent injunctive relief" as well as punitive damages against Defendants. (Doc. 1, ¶ 21).

11. However, Plaintiffs are not entitled to the relief sought as Plaintiffs' Complaint is ripe to be dismissed and Plaintiffs cannot bring a claim for punitive damages against the School Board.

12. For the reasons above and argued below, Plaintiffss claims against the School Board should be dismissed.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SCHOOL BOARD'S MOTION TO DISMISS

#### I. STANDARD OF REVIEW: MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(6), a Court can dismiss a pleading for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court will review *de novo* a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the

light most favorable to the plaintiff. *Castro v. Sec'y of Homeland Sec.,* 472 F.3d 1334, 1336 (11th Cir. 2006); *see Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" **requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do**, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). **Factual allegations must be enough to raise a right to relief above the speculative level**, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ("**[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action**"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…

*Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-680 (2009).

Fed. R. Civ. Pro. 8(a)(2) states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief. Although "the pleading standard Rule 8 announces does not require "detailed factual allegations," it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678.

## II. ARGUMENT

### A. Plaintiffs Have Failed To Exhaust Administrative Remedies

Plaintiffs' claims for violation of ADA are attempts at circumventing the IDEA administrative exhaustion requirements. "The IDEA…. provides federal money to state and local education agencies to assist them in educating handicapped children." *N.B. by D.G. v. Alachua County Sch. Bd.*, 84 F.3d 1376, 1378 (11th Cir. 1996). "In its first section, the IDEA declares as its first purpose 'to ensure that all children with disabilities have available to them a free appropriate public education.' §1400(d)(1)(A)." *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 753 (2017).

> Under IDEA, the principal vehicle for providing a free appropriate public education (FAPE) is an individualized education program (IEP) prepared by the child's parents, teachers, and school officials that is reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances.

*Durbrow v. Cobb County Sch. Dist.*, 887 F.3d 1182 (11th Cir. 2018)

To carry out the objectives of the Act, "the IDEA provides procedural safeguards to permit parental involvement in all matters concerning the child's educational program and allows parents to obtain administrative and judicial review of decisions they deem unsatisfactory or inappropriate." *N.B.*, 84 F.3d at 1378 (citing *Honig v. Doe,* 484 U.S. 305, 311–12, 108 S.Ct. 592, 597–98, 98 L.Ed.2d 686 (1988)).

Before submitting the case for judicial review, Plaintiffs are required to exhaust administrative remedies and procedures as set forth in the IDEA. *Id*. at 1378-1379;

*Alboniga v. Sch. Bd. of Broward County Fla.*, 87 F. Supp. 3d 1319, 1328 (S.D. Fla. 2015) ("Where exhaustion of IDEA administrative remedies is required, a plaintiff's "failure to exhaust administrative remedies by requesting and participating in a due-process hearing will result in dismissal of the civil action.""); *J.P. v. Cherokee County Bd. of Educ.*, 218 Fed. Appx. 911, 913 (11th Cir. 2007) ("….exhaustion is a prerequisite to the civil action contemplated by § 1415(*l*), a parent's failure to exhaust administrative remedies by requesting and participating in a due-process hearing will result in dismissal of the civil action."). "The philosophy of the [IDEA] is that plaintiffs are required to utilize the elaborate administrative scheme established by the [IDEA] before resorting to the courts to challenge the actions of the local school authorities."

*Id*. at 1378 (citation omitted).

> The appropriate administrative procedure in Florida is to request a due process hearing with a state administrative law judge in the Florida Division of Administrative Hearings. 20 U.S.C. § 1415(f), (i); Fla. Stat. § 1003.57(e). If a party is aggrieved by the final decision of the state administrative law judge, then he can file a civil action challenging the decision in state or federal court. 20 U.S.C. § 1415(i)(2)(A); Fla. Stat. § 1003.57(e).

*L.G. ex rel. B.G. v. Sch. Bd. of Palm Beach County*, 255 Fed. Appx. 360, 363–64 (11th Cir. 2007).

> To determine whether a plaintiff in a suit brought under a statute other than the IDEA seeks relief for the denial of a free appropriate public education (FAPE), such that the plaintiff is required to exhaust IDEA's remedies, **a court should look to the crux, or the gravamen, of the plaintiff's complaint, setting aside any attempts at artful pleading**.

7

*Fry*, 137 S. Ct. at 755 (emphasis added).

"The inquiry…. does not ride on whether a complaint includes (or, alternatively, omits) the precise words(?) "FAPE" or "IEP."" *Id.* In a suit where the plaintiff is "suing under a statute *other than* the IDEA, like the Rehabilitation Act; …. the plaintiff might see no need to use the IDEA's distinctive language—even if she is in essence contesting the adequacy of a special education program." *Id.* "A "magic words" approach would make § 1415(*l* )'s exhaustion rule too easy to bypass." *Id.* "It requires exhaustion when the gravamen of a complaint seeks redress for a school's failure to provide a FAPE, even if not phrased or framed in precisely that way." *Id.* The Eleventh Circuit has also noted that "to prove discrimination in the education context, something more than a mere failure to provide the 'free appropriate education' required by [IDEA] must be shown," *J.S., III by & through J.S. Jr. v. Houston County Bd. of Educ.*, 877 F.3d 979, 985–86 (11th Cir. 2017) (citation omitted).

The Supreme Court in *Fry* set out a two-part test to determine whether the gravamen of a complaint against a school concerns a denial of FAPE or whether it in fact addresses disability-based discrimination.

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject; after all, in those other situations there is no FAPE obligation and yet the same basic suit could go forward. But when

> the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.

*Id.* at 756.

Additionally, Courts have held that plaintiffs bringing claims under the ADA are still required to exhaust the administrative remedies available to them.

> The Eleventh Circuit has long held that "whether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be exhausted in state administrative proceedings" propounded under the IDEA. *M.T.V. v. DeKalb County School Dist.,* 446 F.3d 1153, 1158 (11th Cir.2006); *A.L. ex rel. P.L.B. v. Jackson Cnty. Sch. Bd.,* 543 Fed.Appx. 1002, 1005 n. 4 (11th Cir.2013) ("The exhaustion requirement applies to claims asserting the rights of disabled children under not only the IDEA, but also the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act of 1973, and the Constitution."); *Babicz v. School Bd. of Broward Cty.,* 135 F.3d 1420, 1422 (11th Cir.1998) ("[C]laims asserted under Section 504 and/or the ADA are subject to Section 1415(f)'s requirement that litigants exhaust the IDEA's administrative procedures to obtain relief that is available under the IDEA before bringing suit under Section 504 and/or the ADA.").

*Alboniga*, 87 F. Supp. 3d at 1327; *Hayes v. DeSantis*, 1:21-CV-22863-KMM, 2021 WL 4236698, at *7 (S.D. Fla. Sept. 15, 2021); *M.T.V. v. DeKalb County School Dist.,* 446 F.3d 1153, 1158 (11th Cir.2006).

In this case, the answer to the questions posed by the *Fry* case are emphatically "No." The Complaint is devoid of any references to the Plaintiffs exhausting the administrative remedies or proceedings prior to filing a lawsuit with this Court. Yet, in the Statement of Facts in the Complaint, Plaintiffs discuss that the Plaintiff "needed a behavior intervention plan to help him manage his disability-related behaviors." (Doc.

9

1, ¶ 29). Further, Plaintiffs state that on the day in question, "Plaintiff experienced disability-related difficulties including complying with directives…. controlling his emotions; and controlling his physical conduct." (Doc. 1, ¶ 30). This led to Plaintiff being "removed from his classroom" and "taken to the school office." (Doc. 1, ¶ 30). Thereafter, "the Plaintiff was physically removed from the school" by HCSO deputies and Baker Acted. (Doc. 1, ¶¶ 32-33). While Plaintiff's claims against the School Board in Counts IV and V express a violation of the Americans with Disability Act, the crux or gravamen of his claims are actually FAPE claims which must be pursued under IDEA and thus would require administrative exhaustion. Just like the Court said in *Fry*, just because the magic words do not appear in Plaintiff's Complaint does not mean that it is not an IDEA claim which requires exhaustion.

In applying the *Fry* test here, the first prong is a definitive no – the plaintiff could not have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library because the claim boils down to Plaintiff's behaviors at school and accommodations for those behaviors which are addressed through means like an Individual Education Plan ("IEP") or, like Plaintiff mentioned, a Behavior Intervention Plan ("BIP"), all of which are encompassed under IDEA. For the second prong of the test, it is again a definitive no. An adult at the school—say, an employee or visitor— could not have pressed

essentially the same grievance because the Plaintiff is asking and detailing issues and incidents relating to his educational services he is being provided. (Doc. 1, ¶¶ 27-33)

Plaintiffs reference the notion of "reasonable modifications" multiple times throughout the Complaint with regards to the School Board and its alleged violations of the ADA. (Doc. 1, ¶¶ 58, 60, 63-66). Reasonable modifications under ADA are things like a ramp for wheelchair access into a building, not behavioral issues or accommodations for a specific student, like Plaintiff, that would be addressed in an IEP and/or BIP, which comes under the IDEA.[1] If the parents are dissatisfied with an educational service, the remedy for that is to exhaust administrative remedies under the IDEA, which is what the procedural protections were put in place for. *N.B.*, 84 F.3d at 1378.

For the reasons above, the gravamen of Plaintiffs' claims for violations of the ADA against the School Board in Counts IV and V of the Complaint should be claims brought under the IDEA which would require an exhaustion of administrative remedies as detailed under the Act. As such, Plaintiffs' claims against the School Board should be dismissed.

---

[1] *Fry*, 137 S. Ct. at 756.

## B. Plaintiffs Have Failed To State A Claim For Violation Of The ADA Against The School Board

Even assuming arguendo that the Plaintiffs' claims are not claims of denial of FAPE under the IDEA, Plaintiffs still fail to state a claim for violation of the ADA.

> To state a claim under Title II of the ADA, a plaintiff must allege: (1) that he is a "qualified individual with a disability;" (2) that he was "excluded from participation in or ... denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by such entity;" (3) "by reason of such disability." 42 U.S.C. § 12132.

*Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001).

The Plaintiffs' allegations against the School Board do not constitute or even fit with the elements of an ADA claim as listed above. Plaintiffs' primary allegations against the School Board in Counts IV and V are:

> 59. Through its policy and practice of imposing unnecessary and excessive physical force and physical restraints including handcuffs, on schoolchildren with disabilities, including Plaintiff, Defendant HCSB has violated and continues to violate the ADA.
>
> 60. Through its failure to adopt a policy and practice of providing reasonable modifications to schoolchildren with disabilities, including Plaintiff, such as crisis intervention, de-escalation, patience, and waiting, Defendant HCSB has violated and continues to violate the ADA.
>
> 65. Based on all of the circumstances stated herein, Defendant HCSB, including school personnel employed by the HCSB, knew or should have known that Plaintiff is a person with disabilities who requires reasonable modifications under the ADA due to his disability-related difficulties.
>
> 66. Instead of providing reasonable modifications such as crisis intervention, de- escalation, patience, and waiting, Defendant HCSB, including school personnel, escalated encounters with Plaintiff and

subjected him to unnecessary seclusion, excessive physical restraint including handcuffing. In so doing, Defendant HCSB acted with deliberate indifference.

67. Further, and with deliberate indifference, Defendant HCSB failed to implement the nondiscrimination and reasonable modification requirements of the ADA through its policies, practices, procedures, and trainings, and instead authorized its school personnel to engage in disability discrimination against Plaintiff.

Doc. 1, ¶¶ 59-60, 65-67.

By Plaintiff's own admission, Plaintiff experienced "difficulty staying focused, paying attention, **controlling behavior**, **complying with directives**, **and remaining seated**." (Doc. 1, ¶ 28) (emphasis added). Plaintiffs further admit that while in the classroom on the day in question, Plaintiff was experiencing "disability-related difficulties including complying with directives from teachers and administrators; **controlling his emotions; and, controlling his physical conduct**." (Doc. 1, ¶ 30) (emphasis added). As a result, "[h]e was removed from the classroom." (Doc. 1, ¶ 30). Plaintiffs' own allegations show that the chain of events occurred due to an escalation in Plaintiff's behaviors, not that he was discriminated against solely by reason of his disability. This clearly shows that Plaintiff's escalation of behaviors resulted in removal from the classroom, not because of some alleged animus towards Plaintiff because of his disability.

In *T.W. ex rel. Wilson v. Sch. Bd. of Seminole County, Fla.*, the Court found that the evidence of the teacher's actions to restrain the plaintiff in that case

13

"overwhelmingly establish[ed] that [the teacher] restrained T.W. [the student] because he engaged in disruptive or self-injurious behavior." *T.W. ex rel. Wilson v. Sch. Bd. of Seminole County, Fla*., 610 F.3d 588, 604-605 (11th Cir. 2010). The Court noted in *T.W. ex rel. Wilson* that the Plaintiff's claim under Section 504 of the Rehabilitation Act[2] failed "because no reasonable jury could conclude that [the teacher] intentionally discriminated against T.W. solely by reason of his disability." *Id*. at 604. Plaintiffs have provided no evidence whatsoever that Plaintiff was discriminated against solely because of his disability. Instead, the Plaintiffs have provided admissions that Plaintiff had trouble controlling his behaviors, emotions, and physical conduct. (Doc. 1, ¶¶ 28, 30). Furthermore, even given Plaintiffs' allegations in Counts IV and V against the School Board, the allegations do not fit with the elements that Plaintiff was "excluded from participation in or ... denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by" the School Board "by reason of such disability." *Shotz*, 256 F.3d at 1079.

Additionally, Plaintiffs' blanket statements to recite buzz words from the ADA do not establish a cause of action.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; S*anjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic

---

[2] Which the Court noted was the companion statute to the Americans with Disabilities Act. *T.W. ex rel. Wilson*, 610 F.3d at 604-605.

> recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

*Bell*, 550 U.S. at 555; *See also Ashcroft,* 556 U.S. at 678

Conclusory allegations and blanket statements like Plaintiffs' that the School Board failed to adopt a policy and practice and "failed to implement the nondiscrimination and reasonable modification requirements of the ADA" without further detail and specific instances do not state a cause of action. (Doc. 1, Counts IV and V).

Plaintiffs have failed to provide any facts, evidence, or reasons to state a claim that the School Board violated the ADA. As a result, the Plaintiffs' claims against the School Board should be dismissed.

### C. Plaintiffs Are Not Entitled To Punitive Damages

Plaintiffs incorrectly state in the Complaint that they are "entitled to punitive damages" and seek punitive damages against the School Board. (Doc. 1, ¶¶ 12, 61, and Prayer for Relief(D)).  Punitive damages may not be brought for claims under the ADA against a governmental entity, like the School Board. *Barnes v. Gorman*, 536 U.S. 181, 189-190 (2002); *Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 784–785, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000); *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 262–263, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

As such, any claims by Plaintiffs for punitive damages should be dismissed with prejudice.

### D.     Plaintiffs Are Not Entitled To Permanent Injunctive Relief

Plaintiffs are not entitled to a permanent injunction or permanent injunctive relief as requested in the Complaint. (Doc. 1, ¶¶ 12, 61, 69).

> In this Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' " as to each of the four prerequisites. *Id*. (internal citation omitted); *see also Texas v. Seatrain Int'l, S.A*., 518 F.2d 175, 179 (5th Cir.1975) (grant of preliminary injunction "is the exception rather than the rule," and plaintiff must clearly carry the burden of persuasion).
>
> *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

Plaintiffs have not pled any facts or allegations that entitle them to a permanent injunction. As the Eleventh Circuit has noted, even a preliminary injunction is an **extraordinary and drastic remedy**.

The School Board joins and adopts by reference Defendant Hernando County Sheriff's Office Section X (The Plaintiff Fails To Plead The Standard For Granting An Injunction) of its Motion to Dismiss. (Doc. 17, Section X).  Plaintiffs' claims for a permanent injunction should be dismissed.

### E.  Plaintiffs' Complaint is an Impermissible Shotgun Pleading

Plaintiffs' Complaint should be dismissed as it is a shotgun pleading in violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b). Federal Rule of Civil Procedure

8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…" Fed. R. Civ. P. 8(a)(2). While Rule 10(b) requires that each claim shall be in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and "each claim founded on a separate transaction….must be stated in a separate count." Fed. R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings."" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has advised that a perfect example of a shotgun pleading is one that "is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Furthermore, the Eleventh Circuit has addressed

> [T]he topic of shotgun pleadings on numerous occasions in the past….and always with great dismay. *See, e.g., Byrne v. Nezhat*, 261 F.3d 1075, 1128–34 (11th Cir.2001) ("Shotgun pleadings ... impede[ ] the due administration of justice and, in a very real sense, amount[ ] to obstruction of justice.") (internal citation omitted); *Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir.2001) (per curiam) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [this court has] condemned repeatedly, beginning at least as early as 1991" because "[i]t is in no sense the 'short and plain statement of the claim' required by Rule 8"); *Anderson*, 77 F.3d at 366; *Pelletier v. Zweifel*, 921 F.2d 1465, (11th Cir.1991) (describing "quintessential shotgun pleadings" complete with "rambling recitations" and "factual allegations that could not possibly be material" that force the "district court [to] sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted").

*Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n.9 (11th Cir. 2002).

As discussed in this motion, Plaintiffs have failed to allege anything other than conclusory allegations. Of which, they have comingled together with multiple allegations, against multiple defendants, in various numbered paragraphs throughout the Complaint. Plaintiffs' vague allegations of failing to adopt policies and practices and failure to implement reasonable modifications are devoid of facts of exactly how or why the School Board would have violated the ADA. Moreover, in each count against the School Board (Counts IV and V), the Plaintiffs "incorporates by reference the above paragraphs as though fully set forth herein" which comingles allegations and claims in the entire Complaint against the School Board, Sheriff's office, and other individual Defendants. (Doc. 1, ¶¶ 55, 62). As such, Plaintiffs' Complaint is contrary to the Federal Rules of Civil Procedure pleading requirements, is an impermissible shotgun pleading, and as a result, should be dismissed.

### III. <u>CONCLUSION</u>

Based on the foregoing, Defendant, School Board of Hernando County, respectfully requests that the Court grant Defendant School Board's Motion and dismiss Plaintiffs' Complaint against Defendant School Board with prejudice, and any other relief this Court may deem just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) of the Local Rules for the United States District Court Middle District of Florida the undersigned has called via telephone and sent email correspondence on April 15, 2022 to confer with Plaintiffs' counsel regarding this filing but, at the time of this filing, had not yet received a response. Pursuant to Rule 3.01(g)(3), the undersigned will supplement the motion when the parties have conferred.

Dated: April 15, 2022.

                Respectfully submitted,

                **DELL GRAHAM, P.A.**

                /s/ Natasha S. Mickens
                David M. Delaney
                Florida Bar No.:  121060
                david.delaney@dellgraham.com
                Natasha S. Mickens
                Florida Bar No.: 0112709
                natasha.mickens@dellgraham.com
                2631 NW 41st Street, Building B
                Gainesville, FL 32606
                (352) 416-0066
                Secondary email:
                elizabeth.whisler@dellgraham.com
                leann.campbell@dellgraham.com
                Attorneys for School Board of Hernando County

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this April 15, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF system all counsel of record.

**DELL GRAHAM, P.A.**

/s/ Natasha S. Mickens
David M. Delaney
Florida Bar No.: 121060
david.delaney@dellgraham.com
Natasha S. Mickens
Florida Bar No.: 0112709
natasha.mickens@dellgraham.com
2631 NW 41st Street, Building B
Gainesville, FL 32606
(352) 416-0066
Secondary email:
elizabeth.whisler@dellgraham.com
leann.campbell@dellgraham.com
Attorneys for School Board of
Hernando County