UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

D.L., a minor, by and through his
next-of-friends, S.L. and R.L.,
mother and father of the minor,

      Plaintiff,

v.                                 Case No: 8:22-cv-35-JLP-AEP

HERNANDO COUNTY SHERIFF'S
OFFICE, a public entity,
18900 Cortez Boulevard
Brooksville, Florida 34501

AL NIENHUIS, in his official capacity
as Sheriff of Hernando County,
Florida;

DEPUTY PAUL SMITH, School
Resource Officer, in his individual
and official capacities,

and

HERNANDO COUNTY SCHOOL
BOARD, a public entity.

      Defendants.
_____/

## DEFENDANTS, HERNANDO COUNTY SHERIFF'S OFFICE, AL NIENHUIS, IN HIS OFFICIAL CAPACITY AS SHERIFF OF HERNANDO COUNTY, FLORIDA AND DEPUTY PAUL SMITH'S MOTION TO DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT WITH MEMORANDUM OF LAW

The Defendants, HERNANDO COUNTY SHERIFF'S OFFICE, AL NIENHUIS, in his official capacity as SHERIFF OF HERNANDO COUNTY, FLORIDA, and DEPUTY PAUL SMITH, in his individual and official capacities (hereinafter collectively referred to as "the Defendants" unless specifically identified by name), by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), and hereby move this Honorable Court to enter an order dismissing the Plaintiff's First Amended Complaint For Damages And Jury Demand, and state as follows:

1.     The Plaintiff initially filed a Complaint against the Defendants, which also included claims against Defendant Hernando County School Board. (Doc. 1). The Defendants filed a Motion a Dismiss the claims against them. (Doc. 17). Defendant, Hernando County School Board, separately filed a Motion to Dismiss the claims directed towards them. (Doc. 29). The Plaintiff filed responses to both Motions to Dismiss. (Docs. 19 and 36). The Court entered an Order dated August 9, 2022, which addressed the Defendants' Motion to Dismiss. (Doc. 37). As of the date of the filing of this Motion, the Court has not entered an Order regarding the Motion to Dismiss filed by Defendant, Hernando County School Board.

2.     The Court's Order dated August 9, 2022 granted in part and denied in part the Defendants' Motion to Dismiss, dismissed the Plaintiff's Complaint without prejudice and granted the Plaintiff leave to amend his Complaint. (Doc. 37).

2

3.       The Plaintiff has filed his First Amended Complaint for Damages and Jury Trial, which is a four count Complaint. (Doc. 39). Count I is a claim titled Unreasonable Seizure and Excessive Force in Violation of the U.S. Constitution, Fourth and Fourteenth Amendments 42 U.S.C. §1983 against Defendant, Deputy Paul Smith, School Resource Officer, in his individual and official capacities. Count II is a claim titled Disability-Based Discrimination in Violation of Title II of the Americans with Disabilities Act 42 U.S.C. §12132, 28 C.F.R. §35.130(b)(3) Against Defendant, Hernando County Sheriff's Office. Count III and Count IV are against Defendant, Hernando County School Board, and are not addressed in this Motion. None of the four Counts are directly addressed to Defendant, Al Nienhuis, in his official capacity as Sheriff of Hernando County, Florida (hereinafter referred to as "Sheriff Nienhuis").

4.       The Plaintiff is still suing Defendant, Deputy Paul Smith, (hereinafter referred to as "Deputy Smith") in both his individual and official capacities.  This is an improper pleading, and any claims against Deputy Smith in his official capacity should be dismissed.

5.       Any claims against Sheriff Nienhuis in his official capacity are subject to dismissal.

6.      Any claims against the Hernando County Sheriff's Office and Sheriff Nienhuis for violating Florida Statute §1003.573 are subject to dismissal as this Court has found that they are not "school personnel" under the statute.

7.      The Plaintiff's claim for compensatory damages against the Hernando County Sheriff's Office in Count II of the Plaintiff's First Amended Complaint is subject to dismissal as the Plaintiff has alleged that the Hernando County Sheriff's Office acted with deliberate indifference, rather than intentional discrimination in violation of the ADA, which is required to be entitled to compensatory damages.

## MEMORANDUM OF LAW

### I.      Standard Of Review

In reviewing a motion to dismiss, all factual allegations in a complaint must be accepted as true and taken in the light most favorable to the plaintiff. Jackson v. Okaloosa County, 21 F.3d 1531, 1534 (11th Cir. 1994). A complaint must contain a short statement demonstrating entitlement to relief, and that statement must "give the [d]efendant fair notice of what the Plaintiff's claim is and the grounds upon which it rest." Swierkiewicz v. Sorema N.A., 534 US 506, 512 (2002). If the facts alleged in a complaint do not permit the Court to infer more than the mere possibility of misconduct, the complaint has not demonstrated entitlement to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citing Fed. R. Civ. P. 8(a)(2)). The United States Supreme Court has stated:

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."

<u>Ashcroft v. Iqbal</u>, 129 S.Ct. at 1949 (internal quotations and citations omitted).

## II.    <u>The Plaintiff's First Amended Complaint Is Ripe For Dismissal As The Plaintiff Is Still Suing Defendant, Deputy Paul Smith, In Both His Official And Individual Capacities</u>

The Plaintiff's First Amended Complaint is subject to dismissal as it fails to clearly indicate whether the claims are raised against Defendant, Deputy Paul Smith, in his individual or official capacities. The case style of the First Amended Complaint lists "DEPUTY PAUL SMITH, School Resource Officer, in his individual and official capacities," as one of the Defendants. (Doc. 39, p. 1). Also, the title of Count I of the First Amended Complaint states that it against "Defendant School Resource Officer (Paul Smith) in his Official and Individual Capacities." (Doc. 39, p.10).

Additionally, the Plaintiff's First Amended Complaint is inconsistent in which capacity Deputy Smith is being sued and in the use of labels to identify the claims against him. Under the Parties-Defendants section of the First Amended Complaint, at paragraph 18, Deputy Smith is identified as Deputy Paul Smith, with the

additional label of (Smith) in parenthesis. (Doc. 39, ¶ 18). The same paragraph states that "Defendant Smith is sued in his individual capacity." <u>Id.</u> Yet, that is the only instance in which Deputy Smith is identified as "Defendant Smith" in the First Amended Complaint.

The remainder of the Plaintiff's First Amended Complaint refers to either "Defendant School Resource Officer" (Doc. 39, ¶ 29, 39, 41, 42, 51, 51.a., 51.b., 51.c.) or simply "the School Resource Officer" (Doc. 39, ¶ 34, 38.c.) presumably referring to Deputy Smith and without identifying which capacity. Simply, the Plaintiff's claims against Deputy Smith are inconsistent, and Deputy Smith should not be left to guess what the claims are against him and in which capacity he is being sued.

The Plaintiff has to explicitly identify the capacity in which Deputy Smith is being sued. The distinction between whether the claims are raised against Deputy Smith in his individual capacity versus his official capacity is significant because the defenses and requisite facts alleged to support the claims are completely different. These differences are crucial to Deputy Smith's ability to identify and properly respond to the claims and assert meritorious defenses, as well as the Court's ability to appropriately adjudicate the case.  Notwithstanding the inconsistency of the allegations in the First Amended Complaint, this Court's Order dated August 9, 2022

(Doc. 37) has already dismissed the claims against Deputy Smith in his official capacity.

Further, "when an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.' . . . Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent).  Any claims against Deputy Smith in his official capacity serve no proper purpose and may confuse a jury.  See Id.; C.P. by and through Perez v. Collier Cty., 145 F. Supp. 3d 1085, 1091 (M.D. Fla. 2015). In fact, in the Court's Order, this Court found that "the claims against Deputy Smith in his official capacity are due to be dismissed." (Doc. 37, p. 10).  In the case at bar, any claims appearing in the First Amended Complaint against Deputy Smith in his official capacity should be dismissed with prejudice.

### III.   Defendant, Al Nienhuis, Should Be Dismissed As A Defendant

Previously this Court found that the Plaintiff "failed to argue that Sheriff Nienhuis chose this policy or had the authority to choose this policy, but he has also provided no evidence that such a policy even exists in the HCSO" and that the Plaintiff "has failed to show that Sheriff Nienhuis is liable under Monell." (Doc. 37,

p. 24). Yet, the Plaintiff's First Amended Complaint continues to identify Sheriff Nienhuis as a Defendant.  Although Sheriff Nienhuis is not identified in any of the counts in the Plaintiff's First Amended Complaint, the case style of the First Amended Complaint lists "AL NIENHUIS, in his official capacity as Sheriff of Hernando County, Florida," as one of the Defendants. (Doc. 39, p. 1). Additionally, under the Parties-Defendants section of the First Amended Complaint at paragraph 17, Sheriff Nienhuis is still being sued in his official capacity for purposes of 42 U.S.C. §1983. (Doc. 39, ¶ 18).

In the Introduction section of the First Amended Complaint, the Plaintiff continues to make conclusory statements against Sheriff Nienhuis.  The Plaintiff also continues to allege at paragraph 7 of the First Amended Complaint that Sheriff Nienhuis is "charged with the responsibility of establishing policies, practices, and training School Resource Officers and law enforcement officers assigned to a public school," that Sheriff Nienhuis is "aware that mechanical restraints have been used against…school children with disabilities," and that Sheriff Nienhuis has "permitted and…authorized [the] use of mechanical restraints in a such a way as to constitute excessive force in restraining elementary school children with disabilities, including the unlawful use of handcuffs with excessive force and without necessity." (Doc. 39, ¶ 7). Even though the Plaintiff alleges in the First Amended Complaint that he is still suing Sheriff Nienhuis in his official capacity under section 1983, the Plaintiff's

seizure and excessive force claim in Count I of the Plaintiff's First Amended Complaint is not against Sheriff Nienhuis.

The Plaintiff also continues to allege at paragraphs 22 and 24 of the First Amended Complaint that Sheriff Nienhuis "failed to create and maintain proper and adequate policies, practices, procedures, or trainings regarding the use of physical force and physical restraints, handcuffs, and other types of physical force on elementary schoolchildren, including students with disabilities such as Plaintiff," and that Sheriff Nienhuis "failed to create and maintain policies, practices, procedures, or trainings regarding the improper mechanical restraint (including handcuffing) and seclusion of minor children with disabilities." (Doc. 39, ¶ 22, 24). However, a governmental entity cannot be held liable under 42 U.S.C. §1983 for an injury inflicted solely by its employees without some personal wrongdoing by the employer as the doctrine of respondeat superior does not apply in a §1983 action. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In the Eleventh Circuit, to properly allege a §1983 claim under Monell, the Plaintiff must allege sufficient facts to show that: (1) a constitutional right was violated; (2) the agency maintained a policy or custom that constituted deliberate indifference to that constitutional right; and (3) the violation was caused by the policy or custom. See McDowell v. Brown, 392 F. 3d 1283, 1289 (11th Cir. 2004); City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412

(1989).  "Thus, the inquiry becomes one of whether the governmental entity had a policy, ordinance, or regulation that could fairly be said to represent official policy that resulted in or played a role in the alleged delay of treatment and deliberate indifference shown towards the inmate."  See Daniels v. Prison Health Services, 2006 U.S. Dist. LEXIS 7752, *10 (M.D. Fla. February 10, 2006) (citing Berdin v. Duggan, 701 F. 2d 909, 914 (11th Cir. 1983).

Pursuant to Monell, a governmental agency is liable for the actions of its officers if a "municipal official policy causes a constitutional violation." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998); Monell, 436 U.S. at 694 (1978). A plaintiff "must identify a municipal policy or custom that caused his injury. Gold v. City of Miami, 151 F.3d at 1350. "[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691 (1978). In order for liability to attach to a government agency under Monell, the Plaintiff must allege that the agency "officially sanctioned or ordered" conduct that violated his constitutional rights. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).

Government agencies cannot be held liable based upon respondeat superior alone. Monell v. N.Y. City Dept. of Soc. Servs., 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Congress did not intend to impose liability on a

municipality unless deliberate action attributable to the municipality itself is the "moving force" behind the Plaintiff's deprivation of federal rights Bd. of the Cty. Comm'rs v. Brown, 520 U.S. 397, 400, 117 S. Ct. 1382, 1386 (1997).

To demonstrate a policy or custom, "it is generally necessary to show a persistent and wide-spread practice; random acts or isolated incidents are insufficient."  Scott v. Miami-Dade County, No. 13-CIV-23013-GAYLES, 2016 WL 9446132, at *4 (S.D. Fla. Dec. 13, 2016).

The Plaintiff's First Amended Complaint fails to allege a specific and particular custom or policy of Sheriff Nienhuis which was the moving force behind an alleged violation of the Plaintiff's constitutional rights.  The Plaintiff's First Amended Complaint also fails to allege how a specific and particular policy or custom violated the Plaintiff's constitutional rights. See Cooper v. City of Starke, Fla., 2011 U.S. Dist. LEXIS 30183 (M.D. Fla. March 23, 2011) (failure of Plaintiff to identify any actual policies or any facts to support the existence of a widespread custom warranted dismissal of Monell claim); Daniels, 2006 U.S. Dist. LEXIS 7752 at *10-*14 (Plaintiff's failure to specifically identify which policy, practice or custom caused the Plaintiff's injury warranted dismissal); Board of County Comm'rs. of Bryan Co. Okla. v. Brown, 520 U.S. 397, 404, 1175 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (explaining that Monell and its progeny require a plaintiff to identify a widespread "policy" or "custom" which resulted in injury).

For the foregoing reasons, Sheriff Nienhuis should be dismissed as a Defendant from this case with prejudice.

## IV.   Any Claims Against Sheriff Nienhuis And Hernando County Sheriff's Office For Violation of Florida Statute §1003.573 Should Be Dismissed

This Court has already found that the Hernando County Sheriff's Office and Sheriff Nienhuis are not "school personnel" under Florida Statute §1003.573, and that Sheriff Nienhuis cannot be considered "school personnel" as he is not an employee of the Hernando County School District. (Doc. 37, p. 34-35). However, in the Statement of Facts section of the Plaintiff's First Amended Complaint, at paragraph 23, the Plaintiff continues to cite to and rely on Florida Statute §1003.573 and alleges that the Hernando County Sheriff's Office and Sheriff Nienhuis "failed to take reasonable steps to ensure compliance with the provisions of Section 1003.573, Florida Statutes and other applicable provisions of law." (Doc. 39, ¶ 23). However, Florida Statute §1003.573, titled "Seclusion And Restraint Of Students With Disabilities In Public Schools," applies to school personnel.  §1003.573, Fla. Stat. Thus, Florida Statute §1003.573 is inapplicable to the Hernando County Sheriff's Office and Sheriff Nienhuis, making any claims against them under Florida Statute §1003.573 subject to dismissal with prejudice.

## V.   The Plaintiff's Claim In Count II For Compensatory Damages Against The Hernando County Sheriff's Office Is Subject To Dismissal

In the Introduction section, in Count II and in the section of the Plaintiff's First Amended Complaint titled "Prayer for Relief" the Plaintiff seeks compensatory damages.  (Doc. 39, ¶ 12, 51.e. and p. 18, ¶C.)  Count II of the Plaintiff's First Amended Complaint alleges a violation of Title II of the Americans with Disabilities Act 42 U.S.C. §12132, 28 C.F.R. §35.130(b)(3) against the Hernando County Sheriff's Office. (Doc. 39, p. 12-15). However, the Plaintiff improperly seeks to recover compensatory damages from the Hernando County Sheriff's Office in Count II of the Plaintiff's First Amended Complaint. In order to be entitled to compensatory damages, the Plaintiff must plead intentional discrimination in violation of the ADA. See D.P. v. Sch. Bd., 2021 U.S. Dist. LEXIS 239983, at *89 (S.D. Fla. Dec. 14, 2021); see also Martin v. Halifax Healthcare Sys., 621 Fed App'x. 594, 600 (11th Cir. 2015) (in order to recover compensatory damages under the ADA, a plaintiff must show intentional discrimination); Nieves-Marquez v. Puerto Rico, 353 F. 3d 108, 126 (1st Cir. 2003) ("[P]rivate individuals may recover compensatory damages under the ADA only for intentional discrimination."); Delano-Pyle v. Victoria County, 302 F. 3d 567, 574 (5th Cir. 2002) ("A plaintiff asserting a private cause of action for violations of the ADA may only recover compensatory damages upon a showing of intentional discrimination.")  Instead, the Count II of the Plaintiff's First

Amended Complaint alleges that the Hernando County Sheriff's Office violated the ADA by acting with "deliberate indifference." (Doc. 39, ¶ 51.b., 51.c.). Therefore, the Plaintiff's improper pleading makes the claim for compensatory damages in Count II of the Plaintiff's First Amended Complaint subject to dismissal.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to the mandates of Local Rule 3.01(g), Local Rules of the U.S. District Court for the Middle District of Florida, the undersigned counsel, Bobby G. Palmer, Jr., attempted to confer with counsel for the Plaintiff by telephone on October 14, 2022, but was unable to confer. The Defendants will diligently seek to confer with the Plaintiff's counsel and supplement this Motion within three days.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to the following:  Robert Bruce Snow, Esq., Robert Bruce Snow, P.A., 112 North Orange Avenue, Brooksville, FL 34601, Attorney for the Plaintiff.

/s/ Bobby G. Palmer, Jr., Esq.
BOBBY G. PALMER, JR., ESQ.
Florida Bar No. 398380
DAMON S. STARRETT., ESQ.
Florida Bar No. 036600
HILYARD, BOGAN & PALMER, P.A.
Post Office Box 4973

Orlando, FL 32802-4973
Telephone:  (407) 425-4251
Facsimile:  (407) 841-8431
bpalmer@hilyardlawfirm.com
dstarrett@hilyardlawfirm.com
Attorneys for the Defendants,
Hernando County Sheriff's Office,
Al Nienhuis, in his official capacity
as Sheriff of Hernando County,
Florida and Deputy Paul Smith