UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DL, et al.,

      Plaintiffs,

v.                               Case No.:  8:22-cv-35-JLB-AEP

HERNANDO COUINTY SHERIFF'S
OFFICE, et al.,

      Defendants.
_____/


**PLAINTIFF'S RESPONSE OPPOSING
DEFENDANTS' (*HERNANDO COUNTY SHERIFF'S OFFICE, AL
NIENHUIS, in HIS OFFICIAL CAPACITY as SHERIFF of HERNANDO
COUNTY FLORIDA and DEPUTY PAUL SMITH*) MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT**


**INTRODUCTION**

The Plaintiff initially filed a Complaint against Defendants (which also

included claims against *Defendant Hernando County School Board)*.  (Doc. 1).

The Defendants filed a Motion to Dismiss the claims against them.  (Doc. 17).  The

Plaintiff filed a response to Defendants' Motion to Dismiss.  (Doc. 19).[1]  The Court

_____

[1] The Complaint also named the *Hernando County School Board* (Doc. 1), and the *Hernando County School Board* filed a Motion to Dismiss (Doc. 29), resulting in a November 8, 2022 Order Dismissing the claims against the *Hernando County School Board* with leave to file an amended complaint (Doc 45)  This Response does not address the claims against the *Hernando County School Board*.

entered an Order dated August 9, 2022, which addressed the Defendant's Motion to Dismiss.  (Doc. 37).

The Court's Order dated August 9, 2022, granted in part and denied in part the Defendants' Motion to Dismiss, dismissed the Plaintiff's Complaint without prejudice and granted the Plaintiff leave to amend his Complaint.  (Doc. 37).

On September 26, 2022, Plaintiff filed his First Amended Complaint for Damages and Jury Trial, which is a four count Complaint, which said complaint was docketed on November 2, 2022 (Doc. 42).  Count I is a claim for unreasonable seizure and excessive force in violation of the U. S. Constitution, Fourth and Fourteenth Amendments, 42 U.S.C. §1983, against Deputy Paul Smith School Resource Officer.   Count II is a claim for disability-based discrimination in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §13132, 28 C.F.R. §35.130(b)(3) against the Hernando County Sheriff's Office.

## MEMORANDUM OF LAW

### I.  Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), a court must accept the allegations of the plaintiff's complaint as true and construe allegations in the light most favorable to the plaintiff.  M.T.V. v. DeKalb County Sch. Dist., 446, F.3d 1153, 1156 (11th Cir. 2006).  A complaint may not be dismissed under Rule 12(b)6) "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." <u>Lopez v. First Union Nat'l Bank</u>, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

## II.  Deputy Paul Smith Is Only Sued In His Individual Capacity

The Federal Rules of Civil Procedure require only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  Rule 8(a) has a liberal pleading requirement; however, a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action.  <u>Snow. V. DirecTV, Inc</u>., 450 F.3d 1314, 1320 (11th Cir. 2006).  Additionally, Fed. R. Civ. P 10 (b) requires that each claim in a complaint to be set forth in a separate count.  The First Amended Complaint contains four (4) Courts.  Counts I  is directed to Deputy Smith, in his individual capacity; and, Count II is directed against the Hernando County Sheriff's Office.  Count I is a Count against Deputy Smith for violation of the Fourth and Fourteenth Amendments to the United States based on allegations of unreasonable seizures and excessive force.  Count II is a Count against the Hernando County Sheriff's Office for violations of the Americans with Disabilities Act 42 U.S.C. §12132, 28 C.F.R. §130(b)(3), (8).  Counts III and IV are counts against the Hernando County School Board and are not applicable to the Motion to Dismiss filed by the Hernando County Sheriff's Office, Al Niehaus, and Deputy Paul Smith.

This Court's Order dismissing the initial Complaint found that the claims against Deputy Smith *in his official capacity* are due to be dismissed.  (Doc. 37, p. 10).   In compliance with said Order, the Plaintiff's First Amended Complaint revised paragraph 18 of the initial Complaint which had stated that "Defendant Sith is sued in his individual and official capacities" to instead read "*Defendant Smith is sued in his individual capacity*."  (Doc. 38, p. 7, ¶18).  Paragraph 18 of the First Amended Complaint was incorporated into Count I against Deputy Smith so as to be included as the allegation as to Deputy Smith's capacity in which he was being sued in the First Amended Complaint.   Thus, the allegations in Count I against Deputy Smith in the First Amended Complaint is to the effect that "*Deputy Smith is sued in his individual capacity*."

The claim against Deputy Smith is set forth in Count I pursuant to Rule 10 (b), Fed. R. Civ. P., which requires that each claim be set forth in a separate count. The claim against Deputy Smith in the First Amended Complaint is set forth in Count I which consists of paragraphs  1 through 35 which were incorporated into Count I and paragraphs 36 through 43.   None of these paragraphs allege that Deputy Smith is being sued in his official capacity.  Instead, as noted above, Count I allege that *Deputy Smith is being sued in his individual capacity*.  Neither the "style of the case" nor the "heading" of Count I are incorporated into the allegations set forth in paragraphs 1 through 43 which said paragraphs constitute

the allegations against Deputy Smith pursuant to Rule 10 (b).  Neither the "style of the case" nor the "heading" of Count I make up any portion of the cause of action pled against Deputy Smith, *in his individual capacity*.

It is clear in the First Amended Complaint that the individual being sued in Count I is Deputy Smith.  He is identified in various descriptive fashions as Defendant Paul Smith; Defendant Smith; Smith; Deputy Smith, the School Resource Officer, and Defendant School Resource Officer.  These were the same descriptive fashions that Deputy Smith was referred to in the initial Complaint. Deputy Smith did not raise any problems with understanding who was the named Defendant in the initial Complaint, notwithstanding the use of the same descriptive fashions with which he is referred to in the First Amended Complaint.  Likewise, the Court's Order (Doc. 37) did not have any difficulty clearly discerning that Deputy Smith was the named Defendant in the initial Complaint.

The Motion to Dismiss should not be granted as to Deputy Smith.

## III.  Al Nienhuis Is Not A Defendant.

The First Amended Complaint does not state a claim against Sheriff Al Nienhuis in his official capacity for purposes of 42 U.S.C. § 1983.  This fact is acknowledged by Defendants in their Motion to Dismiss First Amended Complaint wherein they acknowledge that "… Sheriff Nienhuis is not identified in any of the counts in the Plaintiff's First Amended Complaint".  (Doc. 40, p. 8).  The

Defendant is correct in their acknowledgment that Sheriff Al Nienhuis is not identified in any of the counts in the First Amended Complaint.  In fact, Count I is solely a claim against Deputy Smith in his individual capacity.  And, Count II is a claim against the Hernando County Sheriff's Office for an alleged violation of the Plaintiff's rights under the ADA.   Counts III and IV are claims against the Hernando County School Board and are therefore inapplicable to Sheriff Nienhuis.

The Court, by its prior Order, dismissed the Defendant Sheriff from a 1983 liability claim under Count I citing to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  (Doc. 37. p. 20 – 25).  In order to comply with said prior Order, the First Amended Complaint removed paragraphs 43 and 44 from the initial Complaint so as to no longer include a claim against Sheriff Nienhuis or HCSO for a 1983 liability claim.  (See Doc. 38, p. 10 – 12).  Furthermore, the First Amended Complaint revised paragraph 45 of the initial Complaint wherein it was alleged that the proximate cause of Plaintiff's injuries was as a result of the *actions and inactions of Defendants*, and replaced the former paragraph 45 with a new paragraph 42 that alleged that the proximate cause of the Plaintiff's injuries was as a result of the *actions and inactions of Defendant School Resource Officer*.  (Doc. 38, p. 12, ¶42).  Thus, the First Amended Complaint only names Deputy Smith, in his individual capacity, as the Defendant as to Count I.

Neither Sheriff Nienhuis nor the HCSO are named as Defendants as to the 1983 liability Claim set forth in Court I of the First Amended Complaint.

There being no claim against Sheriff Nienhuis in the First Amended Complaint - he having been dismissed by the Court's prior Order – he is not now a party to this action and no further dismissal is appropriate.

## IV.   Claims Against Hernando County Sheriff's Office for Violation of §1003.573 Should Not Be Dismissed

Relevant to the issue pertaining to the violation of §1000.573 Florida Statute, the Court has made the following findings via its prior Order, to-wit:

a.   The Plaintiff has stated a claim against the Hernando County Sheriff's Office (HCSO) under Title II of the ADA (Doc. 37, p. 25);

b.   The HCSO is a public entity under the ADA; and, the Plaintiff has adequately alleged that the HCSO is such a public entity under the ADA (Doc. 37, p. 29);

c.   The Plaintiff has adequately pled a reasonable modification to the law enforcement officer's policy may have been appropriate; and thus, the Plaintiff has stated a claim against the HCSO for disability-based discrimination under the ADA (Doc. 37, p. 32);

d.   Fla. Stat. § 1003.573 applies to Deputy Smith and the Plaintiff has adequately stated a claim that Deputy Smith violated that statute (Doc. 37 p. 34).

e.   Neither Sheriff Nienhuis nor the HCSO are "school personnel" under Fla. Stat. § 1003.573; however, Deputy Smith does qualify as being "school personnel" under said statute (Doc. 37, p. 34).

The Defendants in their Motion to Dismiss the First Amended Complaint, acknowledge that "Sheriff Nienhuis is not identified in any of the counts in the Plaintiff's First Amended Complaint". (Doc. 40, p. 8). Such being the case, the Plaintiff has not named Sheriff Nienhuis as a defendant in any of the counts set forth in the First Amended Complaint. Thus, there are no allegations, in any of the counts of the First Amended Complaint, claiming a violation by Sheriff Nienhuis of a violation of Fla. Stat. § 1003.573.

On the other hand, the HCSO has been named as a Defendant in Count II which alleges a violation of the ADA. The Plaintiff respectfully argues that an allegation of a violation of § 1003.573 against the HCSO is appropriate inasmuch as the HCSO is the named Defendant in Count II for an ADA violation. The Count II allegations for an ADA violation have as their gravamen the handcuffing policies and practices of the HCSO. (Doc. 37, p. 30). The restrictions on restraints and handcuffing governed by § 1003.573 as to Deputy Smith's conduct are directly related to the conducted that gives rise to a cause of action against the HCSO for an ADA violation in Count II. Such being the case, the Plaintiff argues that its allegations as to a violation of § 1003.573 against the HCSO should be allowed to

remain in the First Amended Complaint as a component of Plaintiff's ADA claim against the HCSO.

## V.   Count II For Compensatory Damages Against The Hernando County Sheriff's Office Is Not Subject to Dismissal

The First Amended Complaint seeks compensatory damages against the Hernando County Sheriff's Office for violation of Title II of the Americans with Disabilities Act 42 U.S.C. §12132, 28 C.F.F. §35.130(b)(3).  To establish a right to compensatory damages for violation of the ADA, a plaintiff must prove: (1) that he is a qualified individual with a disability, (2) who was excluded from or denied services, programs, or activities or otherwise decimated against, (3) on account of his disability, and (4) that the exclusion, denial or discrimination was the result of intentional discrimination.  Martin v. Halifax Health Care Sys., 621 F. App'x 594, 600, 601 (11th Cir. 2015) (citing to Wood v. President Trustees of Spring Hill, 978 F. 2d 1214, 1219, (11th Cir. 1992). As to this being the applicable law, the Plaintiff does not disagree with the Defendant's Memorandum in support of its Motion to Dismiss.  However, the Defendant's Memorandum stops short of identifying the balance of what the Court said in Martin in order to meet the requirement of intentional discrimination.  The Court explained that "(P)laintiffs can meet this requirement with evidence that Defendants were 'deliberately indifferent' to their rights under the ADA…"  Martin at 600, 601 citing to Liese, 701 F.3d at 345. In explaining how deliberate indifference can meet the intentional discrimination

requirement, the <u>Martin</u> Court further said: "Deliberate indifference occurs when a defendant knows that a rights violation is substantially likely and fails to act on that likelihood." <u>Martin</u> at 600, 601.  See also <u>Doe v. Sch. Bd. Of Broward Cnty., Florida</u>, 604 F.3d 1248, 1259 (11th Cir. 2010).   The pleading of "deliberate indifference" is the equivalent of pleading "intentional discrimination" inasmuch as intentional discrimination can be shown by establishing deliberate indifference.

Plaintiff's First Amended Complaint alleges a proper claim for compensatory damages inasmuch as pleading deliberate indifference is the equivalent of pleading intentional discrimination.

## I.  Conclusion

The First Amended Complaint reflects the ruling of the Court in its earlier Order.  Count I of the First Amended Complaint names Deputy Smith, in his individual capacity, as the only Defendant to the 1983 liability claim.  Count II of the First Amended Complaint names the HCSO as the Defendant to Plaintiff's ADA claim.  The First Amended Complaint states a cause of action against Deputy Smith in his individual capacity (Count I) and a separate cause of action against the HCSO for alleged violations of the ADA (Count II).  The Motion to Dismiss the Frist Amended Complaint should be denied for the reasons set forth in this Response in Opposition to Defendants' Motion to Dismiss.  In the event the Court desires the Plaintiff to change the style of the case or the headings of Count I or to

cure any technical deficiencies in the First Amended Complaint, Plaintiff should be

granted leave to amend as to any such technical deficiencies in the First Amended

Complaint.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system to DELL GRAHAM, P.A. Natasha S. Mickens,   Natasha.Mickens@dellgraham.com;   David   M.   Delaney, David.Delaney@dellgraham.com;   and   Ayanna   A.   Hypolite, Ayanna.Hypolite@dellgraham.com BOBBY G. PALMER, JR., ESQUIRE, at bpalmer@hilyardlawfirm.com   and DAMON S. STARRET, ESQUIRE at dstarrett@hilyardlawfirm.com on this 14th day of November, 2022

/s/ Robert Bruce Snow, Esquire
ROBERT BRUCE SNOW P.A
Robert Bruce Snow, Esquire
Florida Bar No. 134742
Attorney for Plaintiff
112 North Orange Avenue
Brooksville, FL 34601
Phone: (352) 796-1441
Email:  law@rbsnowlaw.com