IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.:8:22-CV-00035

D.L., a minor, by and through his
next-of-friends, S.L. and R.L.,
mother and father of the minor,

      Plaintiffs,

v.

HERNANDO COUNTY SHERIFF'S
OFFICE, a public entity,
18900 Cortez Blvd.
Brooksville, FL 34601

AL NIENHUIS, in his official capacity
As Sheriff of Hernando County,
Florida;

DEPUTY PAUL SMITH, School
Resource Officer, in his individual
and official capacities,

and

HERNANDO COUNTY SCHOOL BOARD,
a public entity,

      Defendants.
_____/

## DEFENDANT SCHOOL BOARD OF HERNANDO COUNTY'S NOTICE OF CASELAW

Defendant School Board of Hernando County ("School Board"), through undersigned counsel provides notice of new caselaw pertinent to this case: <u>Perez v. Sturgis Public Schools</u>, No. 21-887.

## I. <u>BACKGROUND</u>

1.    A substantive threshold issue in the case now before this Court is whether Section 1415(l) of the IDEA may require exhaustion of a non-IDEA claim seeking money damages which are not available under the IDEA.

2.    On January 13, 2023, Plaintiff and Defendants filed an Unopposed Joint Motion To Stay Pending U.S. Supreme Court Decision In <u>Perez v. Sturgis Public Schools</u>.

3.    The Court granted the Motion to Stay on January 18, 2023.

4.    The U.S. Supreme Court issued a ruling on <u>Perez v. Sturgis Public Schools</u> on March 21, 2023.

5.    The U.S. Supreme Court unanimously ruled that the exhaustion requirement of Section 1415(l) applies "*only* to suits that 'see[k] relief… also available under IDEA." <u>Id</u>. at 4

6.    This condition of exhaustion does not apply to situations where a plaintiff brings a suit under another federal law for compensatory damages – a form of relief "everyone agrees IDEA does not provide." <u>Id</u>.

## II. <u>CONCLUSION</u>

Based on the foregoing, it appears that the Plaintiff can bring a suit under the ADA without needing to exhaust remedies under IDEA, so long as the suit is seeking a remedy that IDEA cannot provide. However, this case does not affect any of the other issues raised by the defense in the School Board's Motion to Dismiss. Fla. Stat. §§ 394.922 and 394.4784 as cited by Plaintiff remain inapplicable. Plaintiff's Complaint continues to lack specific facts or bases for the allegation that the School Board "failed to take reasonable steps to ensure compliance with the provisions of" Fla. Stat. § 1003.573. (Doc. 1, ¶ 23). There also remains the issue that Plaintiff cites to the incorrect standard for use of restraints in Fla. Stat. § 1003.573. (Doc. 1, ¶ 35). Based on the above, this Complaint should be dismissed.

Dated: April 7, 2023.

Respectfully submitted,

**WEISS   SEROTA   HELFMAN COLE + BIERMAN, P.L.**

David M. Delaney
Florida Bar No.:  121060
ddelaney@wsh-law.com
Ayanna Hypolite
Florida Bar No.:124740

3

ahypolite@wsh-law.com
Secondary:  lcampbell@wsh-law.com
lpaz@wsh-law.com
2631 NW 41st Street, Building B
Gainesville, FL 32606
(352) 416-0066
Attorney for HERNANDO
COUNTY SCHOOL BOARD

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this April 7, 2023, a true and correct copy of the

foregoing was served this April 7, 2023. via the Court's CM/ECF system to:

Robert Snow
Robert Bruce Snow, P.A.
112 N. Orange Ave.
Brooksville, FL  34601
law@rbsnowlaw.com

Bobby G. Palmer, Jr.
Damon S. Starret
Hilyard, Bogan & Palmer, P.A.
105 E. Robinson St.
Orlando, FL 32801
bpalmer@hilyardlawfirm.com
dstarett@hilyardlawfirm.com

**WEISS    SEROTA    HELFMAN
COLE + BIERMAN, P.L.**

_____
David M. Delaney
Florida Bar No.:  121060
ddelaney@wsh-law.com

Ayanna Hypolite
Florida Bar No.:124740
ahypolite@wsh-law.com
Secondary: lcampbell@wsh-law.com
                lpaz@wsh-law.com
2631 NW 41st Street, Building B
Gainesville, FL 32606
(352) 416-0066
Attorney for HERNANDO
COUNTY SCHOOL BOARD