IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

D.L., by and through his parents, S.L. and R.L.,

    Plaintiff,

v.                                                  CASE NO.: 8:22-CV-00035

HERNANDO COUNTY SHERIFF'S OFFICE *et al.*,

    Defendants.
_____/

## SCHOOL BOARD'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

Plaintiff's Response (Doc. 160) fails to rebut the School Board's Motion for Final Summary Judgment (Doc. 136) ("Motion"), for the reasons that follow.

**1. School Board's Statement of Material Facts Should Be Deemed Admitted**

In violation of this Court's procedures (Doc. 22 at 4), Plaintiff failed to provide a "Response to Statement of Material Facts." Therefore, the School Board's Statement should be deemed admitted. *See, e.g., Perez v. Cigna Health & Life Ins. Co.*, No. 8:19-CV-951-T-33AEP, 2020 WL 1308196, at *5 (M.D. Fla. Mar. 19, 2020).

**2. Plaintiff's Claims are Time-Barred and Un-Pleaded (Pre-January 10, 2018)**

Instead of coming forward with evidence in response to the School Board's Motion as to its limitations defense (*see* Doc. 136 at 12-13), Plaintiff merely invokes the "continuing violation doctrine," aiming to sweep in years of educational history, but *citing only the Second Amended Complaint* ("SAC"). Doc. 160 at 2 (citing Doc. 62 ¶ 93). Plaintiff has failed in his burden as the non-movant to create a genuine dispute.

*Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("'[A] party may not rely on his pleadings to avoid judgment against him.'") (quotation omitted).

The continuing violation doctrine does not apply anyway. Any behavioral issues and alleged responses to them before January 10, 2018, even if similar, would be discrete episodes, not actionable as a "continuing violation." *See Jimenez v. U.S. Attorney General*, 146 F.4th 972, 992 (11th Cir. 2025) (The doctrine "cannot convert 'related discrete acts into a single unlawful practice for the purposes of timely filing'" - instead, when a party alleges a series of violations -i.e., a series of actionable wrongs, a timely charge must be filed with respect to each discrete alleged violation).[1]

Moreover, the SAC did *not* allege any incident other than the January 10, 2018, incident, contrary to the Response. Plaintiff points to a single paragraph in the SAC, referencing "periods of autistic meltdown." Doc. 160 at 3 (citing Doc. 62 ¶ 93). But this use of the plural "periods" (within one paragraph under Count IV only) does not alter the fact that January 10, 2018, is the only incident alleged in the SAC, or the fact that the SAC *disavows* Plaintiff's claims were about the adequacy of his special education. *See* Doc. 62, ¶¶ 80-83 & 95-96. The Motion argues this, but Plaintiff offers no rebuttal, other than "periods" in SAC ¶ 93. Critically, the Response does not point

---

[1] It is surely for this reason that district courts have refused to apply the doctrine to failure-to-accommodate claims. *See Campbell v. Boides, Schiller, Flexer LLP*, 543 F. Supp.3d 1334 (S.D. Fla. 2021) (a failure to accommodate claim involves discrete acts of alleged discrimination rather than a continuing violation) (citing cases); *Serian v. JetBlue Airways Corp.*, Case No: 6:23-cv-2471, 2025 WL 1685258, at *4 (M.D. Fla. Jun. 16, 2025) (same; citing cases). *See also Kennedy v. South University, Civil Action*, No.: 4:21-cv-172, 2022 WL 628541, at *8 (S.D. Ga. Mar. 3, 2022) ("Plaintiff knew of each of the conceivable failures to accommodate alleged in the Amended Complaint prior to February 6, 2019. . . . She cannot argue that the statute of limitations was somehow delayed until she suffered the final consequences of that discrimination").

to *evidence* of other incidents. Plaintiff thus fails to rebut the School Board's argument and fails in his burden on summary judgment. At minimum, the School Board is entitled to summary judgment against Plaintiff's claims based on any alleged acts or omissions prior to January 10, 2018—as time-barred and un-pleaded.

### 3. No Basis For *Monell* Liability

Plaintiff's Response fails to create a genuine dispute, warranting summary judgment against his § 1983 claim. Lacking evidence of a policy or custom, Plaintiff argues only that the School Board is liable for failure to train SRO Smith on the use of force and taking children with disabilities into custody. *See* Doc. 160, p. 5-6. Lacking evidence of prior *incidents*, Plaintiff argues only there was an "obvious need" for training, relying on *City of Canton v. Harris*, 489 U.S. 378 (1989). Doc. 160 at 6-7. But the Supreme Court later "characterized the *City of Canton*'s leaving open such a possibility as **simply hypothesizing in a narrow range of circumstances** that a plaintiff might succeed without showing a pattern of constitutional violations . . . ." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (emphasis added) (discussing *Bd. of Cnty. Commissioners. v. Brown*, 520 U.S. 397 (1997)). Under those standards, *Gold* rejected an argument that certain "police officers were inadequately trained and/or supervised regarding the disorderly conduct statute and the proper response to handcuff complaints . . . ." *Gold*, 151 F. 3d at 1352. As grounds, *Gold* noted that the plaintiff "presented expert testimony that the need for training and/or supervision in these two areas should have been obvious to the City and that the City was deliberately

indifferent in not responding." *Id.* 1352 n.13. That was insufficient evidence to support Gold's argument because "an expert's conclusory testimony does not control **this Court's legal analysis of whether any need to train and/or supervise was obvious enough to trigger municipal liability** without any evidence of prior incidents putting the municipality on notice of that need." *Id.* (emphasis added).

Here, Plaintiff presents *no* evidence that the need for training and/or supervision of Smith should have been obvious but that the School Board was deliberately indifferent. Plaintiff simply asserts his own *ipse dixit* that there was a "'moral certainty'" of constitutional violations such as he alleges in this case. Doc. 160 at 7. But Plaintiff fails to present any authority so holding, or any evidence in support.

In addition to a *lack* of evidence, Plaintiff cannot create a genuine material dispute based on an "obvious need" argument because it is based on the faulty assumption that the School Board has any responsibility or ability to train law enforcement officers in the use of the Baker Act. The law and the record here are to the contrary. Under Florida's Baker Act, *only* a "law enforcement officer" can "take" a person "into custody" and "deliver" the person to a "facility" for an involuntary examination. *See* Fla. Stat. § 394.463(2)(a)1.-3. Consistent with Florida law, the testimony in this case is undisputed that the decision to Baker Act D.L. was Deputy Smith's decision *alone*—without any input or influence from the School Board. Doc. 136-7 (*Smith Dep.*) at Tr. 66:19-21 & 67:10-14; *id.* at 69:1-9. In fact, the School Board lacked *authority* to initiate an involuntary medical examination proceeding; and once

4

Smith decided to initiate the involuntary medical examination, school employees *had no authority to overrule him*. *Id.* at Tr. 33:8-14; Doc. 136-8 (*Cerro Dep.*) at Tr. 58:17-22 & 101:19-22; Doc. 136-4 (*Castoria Dep.*) at Tr. 181:2-6 & 181:22-182:3.[2]

Finally, Plaintiff cannot create a genuine material issue on a failure-to-train theory because undisputed evidence shows there *was* training. Contrary to Plaintiff's citation to "*Smith Depo* 101:17-103:24," Smith completed educational/training courses concerning the Baker Act, including "Minors and the Baker Act" and "Law Enforcement and The Baker Act." Doc. 136-7 (Smith Dep.) at Tr. 14:11-23; 15:1-12.[3]

### 4. Plaintiff's ADA Claim Fails

The Response fails to create a genuine dispute under the exacting standard of intentional discrimination—required where as here Plaintiff seeks only compensatory damages—warranting summary judgment against Plaintiff's ADA claims.

Plaintiff misleadingly quotes from *McCullum* that a jury may infer actual knowledge of a risk of harm "[w]here the substantial likelihood of harm is obvious." Doc. 160 at 11. But that in no way removes the requirement of a "deliberate choice" not to provide an accommodation. *McCullum*, 768 F.3d at 1147. Plaintiff's prolix recitation of his expert's opinions, that the School Board allegedly failed to provide

---

[2] For these reasons, among others, the sole, out-of-jurisdiction case Plaintiff relies on is inapposite: summary judgment was denied upon a failure-to-train theory against *the City* based on the actions of the City-employee police officer. *A.G. v. Fattaleh*, 614 F. Supp. 3d 204, 232 (W.D.N.C. 2022). And there were other distinguishing facts. *See id.* (in a "special needs school," noting possible evidence of a policy, and noting evidence of the officer's and other's belief he could act with unfettered discretion).

[3] These courses were in addition to Smith's demonstrated completion of educational/training courses such as "an Autism Spectrum Disorder & Interviews course"; and a 40-hour Crisis Intervention Team Training course, in which he was "given instruction on how to provide immediate response to crisis situations involving mentally ill persons". *Id.* at Tr. 15:13-16:1; 16:2-17:20.

accommodations or provided ineffective ones, does not amount to a shred of evidence that the School Board made a *deliberate choice* to not provide the Plaintiff with what was allegedly needed.[4] To the contrary, even Plaintiff's experts agreed, or at least declined to dispute, that the school employees were *trying* to help, that they were not deliberately trying to make Plaintiff's behavior worse or upset him. *See* Doc. 163-9 (*Keating Dep.*) at 152:23-154:9 & 191:19-192:5; *see also* Doc. 163-15 (*Miguel Dep.*) at 61:17-62:10 & 63:19-64:2. Plaintiff himself admits staff "were attempting to de-escalate D.L.'s behaviors by using calming techniques" (Doc. 160 at 24); *see also* Doc. 144 at 6.

Nor does Plaintiff's meandering discussion of D.L.'s IEP team amount to evidence identifying a final policymaker for the School Board and that such person deliberately chose to disregard a needed accommodation.

### 5. "Direct Threat" Standard Was Satisfied

Plaintiff fails to cite *any* evidence disputing that D.L. significantly harmed, and risked harming himself and others. *See, e.g.*, Doc. 136 at 4-5 ¶¶ 18-22 & p.6 ¶ 31. Under 28 C.F.R. § 35.139(a), D.L. posed a "direct threat" and was not entitled to any alleged accommodation (which in any event Plaintiff fails to identify) as a matter of law.

### 6. Remedies are Narrowed

Plaintiff concedes emotional distress damages are unavailable (Doc. 160 at 21) but appears to misconstrue the School Board's argument regarding his inability to recover IDEA remedies. Plaintiff may seek compensatory damages. But under *Perez*,

---

[4] Plaintiff fails to identify the accommodations that were supposedly needed but not provided—a glaring omission, reflecting a lack of evidence of, among other things, causation.

due to a failure of exhaustion, Plaintiff *is* barred from seeking remedies that would have otherwise been available to him under the IDEA, such as compensatory *education*. Plaintiff previously acknowledged this. *See* Doc. 66 at 3. Plaintiff also represented "the only relief Plaintiffs seek for their ADA claims is compensatory damages." *Id.* At minimum, the School Board is entitled to partial summary judgment.

### 7. The School Board Is Not Liable for the Baker Act Decision

Plaintiff fails to rebut that the School Board is not liable for the at-issue actions of the SRO—to the extent Plaintiff's claims could otherwise survive summary judgment by relying such an imputation (which they could not). Plaintiff merely adverts to this Court's prior order at the pleadings stage, and the statute and cases cited therein, which the Motion distinguishes (Dec. 136 at 23-25) and Plaintiff fails to rebut. Plaintiff likewise fails to rebut (even address) the undisputed evidence set forth in the Motion that Smith's actions were taken in his capacity as a law enforcement officer, over which the School Board had no authority or control, and could not overrule.

### CERTIFICATE OF SERVICE

I certify that on September 2, 2025, a copy of this document is being served by CM/ECF to all parties and counsel associated with the e-service list for this action.

**Weiss Serota Helfman Cole & Bierman, P.L.**
  /s/ *Richard Rosengarten*
David M. Delaney (Fla. Bar No. 121060) (ddelaney@wsh-law.com)
Richard Rosengarten (Fla. Bar No. 0106169) (rrosengarten@wsh-law.com
Tania Varela (Fla. Bar No. 57802) (tvarela@wsh-law.com)
2800 Ponce de Leon Blvd., Suite 1200
Coral Gables, Florida 33134