UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

D.L., a minor, by and through his next of friends,
S.L. and R.L., mother and father of the minor,

    Plaintiffs,

v.                                       Case No: 8:22-cv-35-JLB-AEP

HERNANDO COUNTY SHERIFF'S OFFICE;
AL NIENHUIS, in his official capacity as Sheriff
of HERNANDO COUNTY, FLORIDA, DEPUTY
PAUL SMITH, School Resource Officer and
HERNANDO COUNTY SCHOOL BOARD,

    Defendants.

_____/

**UNOPPOSED TIME SENSITIVE JOINT MOTION TO STAY ALL REMAINING PRETRIAL DEADLINES AND REMOVE CASE FROM TRIAL DOCKET PENDING RULINGS ON THE PARTIES' DISPOSITIVE AND *DAUBERT* MOTIONS WITH SUPPORTING LEGAL AUTHORITY**

COMES NOW the Plaintiffs and the Defendants, by and through their undersigned counsel, pursuant to Rule 16, Federal Rules Of Civil Procedure and the Court's Fifth Amended Case Management And Scheduling Order (Doc. 140), and jointly move the Court for the entry of an Order staying all remaining pretrial deadlines and removing this case from the February 2, 2026 trial docket pending the Court's rulings on the parties' dispositive motions and Daubert motions, and as grounds therefore state:

1.      On January 5, 2023, the Plaintiffs filed their Second Amended Complaint against the Defendants (Doc. 62) which alleges violations of the U.S.

Constitution, including alleged violations of the Fourth and Fourteenth Amendments actionable under 42 U.S.C. § 1983, as well as alleged disability-based discrimination in violation of Title II of the Americans With Disabilities Act, 42 U.S.C. § 12132, and 28 C.F.R. § 35.130 (b)(3) and (8) arising out of the Baker Act of D.L. in January of 2018.

2.      The discovery phase of this case involved the taking of twenty-one (21) depositions and the exchange between the parties of over eight thousand (8,000) pages of documentation. There are potentially twenty-five (25) witnesses who could be called at trial, including eleven (11) experts. To date, one hundred eighty-three (183) pleadings have been filed by the parties in this hotly litigated case involving complex issues which have been intensely and vigorously contested.

3.      Currently pending and fully briefed before the Court are the following dispositive and Daubert motions.

4.      On July 2, 2025, the Defendants, Hernando County Sheriff's Office and Deputy Paul Smith filed their Motion For Summary Judgment. (Doc. 134).

5.      On July 2, 2025, the Defendants, Hernando County Sheriff's Office, Deputy Paul Smith and the Hernando County School Board filed their Joint Daubert Motion To Exclude Opinions Of The Plaintiffs' Expert Witness, Daniel Losey, With Memorandum Of Law. (Doc. 135).

6.      On July 2, 2025, the Hernando County School Board filed its Motion For Final Summary Judgment. (Doc. 136).

7.      On July 9, 2025, the Court entered its Fifth Amended Case Management

And Scheduling Order (Doc. 140) which schedules the trial of this case for the monthly trial term beginning February 2, 2026.

8.      On July 14, 2025, the Plaintiffs filed their Motion And Memorandum Of Law In Support Of Motion For Partial Summary Judgment. (Doc. 144). The Plaintiffs also filed on July 14, 2025 their Daubert Motion To Exclude Opinions Of Defendants' Expert Witness, Richard M. Hough, Ed. D, With Memorandum Of Law. (Doc. 143).

9.      On August 19, 2025, the Plaintiffs filed their Response To Defendants' Motion To Exclude Testimony Of Expert Witness, Daniel Losey (Doc. 156).

10.      On August 19, 2025, the Defendants, Hernando County Sheriff's Office and Deputy Paul Smith filed their Response In Opposition To The Plaintiffs' Motion For Partial Summary Judgment (Doc. 157) and their Response In Opposition To The Plaintiffs' Daubert Motion To Exclude Opinions Of Defendants' Expert Witness, Dr. Richard M. Hough, Sr. (Doc. 158).

11.      On August 19, 2025, the Defendant, Hernando County School Board filed its Response To Plaintiffs' Motion For Partial Summary Judgment. (Doc. 159).

12.      On August 19, 2025, the Plaintiffs filed their Response To The School Board's Motion For Final Summary Judgment (Doc. 160) and their Response To The Motion For Summary Judgment Of The Defendants, Hernando County Sheriff's Office and Deputy Paul Smith. (Doc. 161).

13.      On September 2, 2025, the Defendant, Hernando County School Board filed its Reply In Support Of Summary Judgment. (Doc. 165).

14.      On September 2, 2025, the Defendants, Hernando County Sheriff's

Office and Deputy Paul Smith filed their Reply To The Plaintiffs' Response To Motion

For Summary Judgment. (Doc. 166).

15.    On September 2, 2025, the Plaintiffs filed their Reply To The School

Board's Response To Plaintiffs' Motion For Partial Summary Judgment (Doc. 167),

and their Reply To Law Enforcement Defendants' Response To Plaintiffs' Motion For

Summary Judgment. (Doc 168).

16.    On September 16, 2025, the Plaintiffs filed their Supplemental

Response To The School Board's Motion For Final Summary Judgment (Doc. 174),

and their Supplemental Response To Hernando County Sheriff's Office And Deputy

Paul Smith's Motion For Summary Judgment. (Doc. 173).

17.    On September 30, 2025, the Defendants, Hernando County Sheriff's

Office and Deputy Paul Smith filed their Supplemental Reply To The Plaintiffs'

Supplemental Response To Motion For Summary Judgment. (Doc. 177).

18.    On September 30, 2025, the Hernando County School Board filed its

Supplemental Reply In Support Of Motion For Summary Judgment. (Doc. 178).

19.    On November 12, 2025, the Defendants, Hernando County Sheriff's

Office and Deputy Paul Smith filed their Response To Plaintiffs' Supplement To

Plaintiffs' Motion For Summary Judgment. (Doc. 182).

20.    On November 12, 2025, the Defendant, Hernando County School Board

filed its Response To Plaintiffs' Supplement To Plaintiffs' Motion For Summary

Judgment (Statement Of Facts). (Doc. 183).

21.    The parties' three (3) Motions For Summary Judgement and two (2)

<u>Daubert</u> Motions remain pending with the Court. The Court's rulings on the parties'

Motions For Summary Judgment and <u>Daubert</u> Motions could significantly affect the

issues to be tried in this case, the witnesses to be called at trial, the drafting of the

Joint Pretrial Statement, the jury instructions, the verdict form, the trial briefs, the

deposition designations and the parties' Motions In Limine.

22.    The parties are prepared to meet all remaining pretrial deadlines and

continue to confer in good faith; however, the parties' ability to develop a Joint

Pretrial Statement, jury instructions, verdict form, trial briefs, deposition

designations and Motions In Limine may be significantly impacted by the Court's

rulings on the dispositive questions of law and the admissibility of the opinions of the

parties' experts.

23.    In his Motion for Summary Judgment, the Defendant, Deputy Paul

Smith, has raised the qualified immunity defense to all of the Plaintiffs' Section 1983

claims. As the Court is well aware, qualified immunity is "an immunity from suit

rather than a mere defense to liability; and like an absolute immunity, it is effectively,

lost if a case is erroneously permitted to go to trial." <u>Mitchell v. Forsyth</u>, 472 U.S. 511,

526, 105, S.Ct. 2806, 86 L. Ed. 411 (1985); <u>Hunter v. Bryant</u>, 502 U.S. 224, 228, 112

S.Ct. 534, 116 L. Ed. 589 (1991); <u>Simmons v. Bradshaw</u>, 879 F. 3d 1157, 1162 (11th Cir.

2018). The Court's ruling on Deputy Paul Smith's entitlement to qualified immunity

could significantly impact the trial of this case, the Joint Pretrial Statement, the jury

instructions, the verdict form, the trial briefs and the potential for an interlocutory

appeal.

24.    Pursuant to the Court's Fifth Amended Case Management And

Scheduling Order (Doc. 140), there are numerous remaining deadlines leading up to

the February 2, 2026 trial docket period, including the Motion In Limine deadline of

January 14, 2026, the January 20, 2026 deadline for the filing of the Joint Pretrial

Statement, jury instructions, verdict form, trial briefs and deposition designations,

as well as the Final Pretrial Conference which is scheduled for January 30, 2026.

25.    In a good faith effort to save the parties costs and attorney's fees and to

save judicial resources, the parties hereby request that all of the remaining pretrial

deadlines mandated by the Court's Fifth Amended Case Management And

Scheduling Order be stayed and this case be removed from the February 2, 2026,

month-long trial docket period pending rulings by the Court on the parties' three (3)

Motions For Summary Judgment and two (2) Daubert Motions. Upon the Court's

rulings on the parties' three (3) Motion For Summary Judgment and two (2) Daubert

Motions, the parties would request that the Court enter an Order reinstituting all

remaining pretrial deadlines and scheduling this case for trial within a reasonable

time. "A district court has the authority to manage its own docket." Rance v.

Rocksolid Granit U.S.A., Inc., 489 F. App'x 314, 316 (11th Cir. 2012); Chudasama v.

Mazda Motor Corp., 123 F. 3d 1353, 1366 (11th Cir. 1997).

26.    The parties note that this Court has graciously granted previous

extensions, and has also *sua sponte* continued the pretrial deadlines and trial of this

matter on two occasions "[b]ased on the procedural posture of this case." *See* Doc.

128 & Doc. 139. The parties respectfully submit that doing so once more is

appropriate and called for at this time, pending the resolution of the dispositive and Daubert motions which could dramatically impact the scope of remaining issues to be tried.

WHEREFORE, the Plaintiffs and the Defendants respectfully and jointly request that this Court enter an Order staying all of the remaining pretrial deadlines mandated by the Court's Fifth Amended Case Management And Scheduling Order and removing this case from the February 2, 2026 month long trial docket period pending the Court's rulings on the parties' three (3) Motions For Summary Judgment and two (2) Daubert Motions based upon the foregoing authority.

/s/ Richard Rosengarten
RICHARD ROSENGARTEN, ESQ.
Florida Bar No. 0106169
DAVID M. DELANEY, ESQ.
Florida Bar No.: 121060
TANIA VARELA, ESQ.
Florida Bar No. 57802
WEISS SEROTA HELFMAN COLE &
BIERMAN, P.L.
2800 Ponce de Leon Blvd., Suite 1200
Coral Gables, Florida 33134
Attorneys for Defendant,
HERNANDO COUNTY SCHOOL BOARD

/s/ Robert Bruce Snow
ROBERT BRUCE SNOW, ESQ.
Florida Bar No.: 134742
ROBERT BRUCE SNOW, P.A.
112 N. Orange Avenue
Brooksville, FL 34601
(352) 796-1441
Attorney for Plaintiffs,

D.L., A MINOR, BY AND THROUGH HIS NEXT-OF-FRIENDS, S.L. AND R.L., MOTHER AND FATHER OF THE MINOR

/s/ Bobby G. Palmer, Jr.
BOBBY G. PALMER, JR., ESQ.
Florida Bar No. 398380
bpalmer@hilyardlawfirm.com
DAMON S. STARRETT., ESQ.
Florida Bar No. 036600
dstarrett@hilyardlawfirm.com
HILYARD, BOGAN & PALMER, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: (407) 425-4251
Facsimile: (407) 841-8431
Attorneys for the Defendants,
HERNANDO COUNTY SHERIFF'S OFFICE AND DEPUTY PAUL SMITH

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of December, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Bobby G. Palmer, Jr.
BOBBY G. PALMER, JR., ESQ.
Florida Bar No. 398380
DAMON S. STARRETT., ESQ.
Florida Bar No. 036600
HILYARD, BOGAN & PALMER, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: (407) 425-4251
bpalmer@hilyardlawfirm.com
dstarrett@hilyardlawfirm.com
Attorneys for the Defendants,
Hernando County Sheriff's Office and
Deputy Paul Smith

8