UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

D.L., a minor, by and through his
next-of-friends, S.L. and R. L.,

       Plaintiff,

v.                            Case No. 8:22-cv-00035-JLB-AEP

HERNANDO COUNTY SHERIFF'S
OFFICE, AL NIENHUIS,
DEPUTY PAUL SMITH, and
HERNANDO COUNTY SCHOOL
BOARD,

       Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This cause comes before the Court on the parties' Joint Unopposed Motion to Amend Case Caption and to Reissue Judgment and Bills of Costs in Full Name of the Plaintiff (Doc. 193), Plaintiff's Motion to Review Clerk's Action on Bill of Costs (Doc. 192), and Plaintiff's Unopposed Motion to Abate Motion to Review Clerk's Action on Bill of Costs (Doc. 194). By the motion to amend, the parties request that the Court amend the case caption, judgment, and bills of costs to reflect Plaintiff's full name instead of his initials and delete the designation that the action is brought "by and through" his parents as next of friends. For the following reasons,

the undersigned recommends that the motion to amend be granted and the remaining motions be denied as moot.[1]

Courts have relied on Rules 15 and 17 of the Federal Rules of Civil Procedure to justify amending the case caption to reflect the plaintiff's full name when the party reaches the age of majority. *See, e.g.*, *M.P.T.C. v. Nelson Cnty. Sch. Dist.*, 192 F. Supp. 3d 798, 811 (W.D. Ky. 2016) ("To the extent the Plaintiff seeks to amend the case caption to substitute his initial with his full name because he has reached the age of majority, the Court grants the relief."); *Cocke v. United States*, No. CV419-169, 2024 WL 4745066 (S.D. Ga. Aug. 30, 2024) ("[S]ubstition of the now majority aged party is appropriate."). Further, courts have used Rule 60(a) to amend the judgment to clarify the case caption when the amendment better reflects the parties' intent. *See Internet Fin. Servs., LLC v. L. Firm of Larson-Jackson, P.C.*, 394 F. Supp. 2d 1, 4 (D.D.C. 2005) ("Plaintiff correctly states that the Amended Judgment made no material change and that it was merely clerical. The legal rights and obligations memorialized in the judgment did not change; rather, the Amended Judgment simply clarified the case caption.").

Here, the parties agree that Plaintiff has reached the age of majority and request that the Court update the case caption accordingly. Additionally, the parties allege it was "an oversight of the parties to not amend the case caption to reflect the Plaintiff's full name before the Judgment and Bills of Costs were entered," making

---

[1] While the motions have been referred to the undersigned for disposition, the undersigned instead issues this Report due to the dispositive nature of the relief sought, i.e., amendment of a final judgment.

Rule 60 the proper mechanism for amendment (Doc. 193, at 4). Finally, the parties stipulate that the change will not toll or renew any post-judgment deadlines. The undersigned is satisfied that an amendment of this nature is within the Court's discretion and best serves the intent of the parties.

Accordingly, it is hereby

RECOMMENDED:

1.     The parties' Joint Unopposed Motion to Amend Case Caption and to Reissue Judgment and Bills of Costs in Full Name of the Plaintiff (Doc. 193) be GRANTED.

2.     Plaintiff's Motion to Review Clerk's Action on Bill of Costs (Doc. 192) be DENIED AS MOOT.

3.     Plaintiff's Unopposed Motion to Abate Motion to Review Clerk's Action on Bill of Costs (Doc. 194) be DENIED AS MOOT.

IT IS SO REPORTED in Tampa, Florida, on this 16th day of March 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

## **<u>NOTICE TO PARTIES</u>**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:    Hon. John L. Badalamenti
       Counsel of Record